The ESTATE OF Martha BURGESS and Gerald Larson, Plaintiffs,†

v.

Carl PETERSON, an individual, and Peterson Law Offices, a sole proprietorship, Defendants,

ESTATE OF Ralph GRUNDMAN, as personal representative of the Estate of Martha Burgess, and Edna Grundman, as personal representative of the Estate of Martha Burgess, Defendants-Appellants,††

OLD REPUBLIC SURETY COMPANY, a Wisconsin corporation, and State Surety Company, a foreign corporation, Defendants-Third Party Plaintiffs-Respondents,

v.

Glenyce Roberta PETERSON, Third Party Defendant.
[Case No. 96–1455]

IN the MATTER OF the ESTATE OF Martha BURGESS, Deceased:

†Petition to review denied.
††Petition to cross review denied.

Edna GRUNDMAN and the Estate of Ralph Grundman,
Appellant-Cross Respondent,††

v.

ESTATE OF Martha BURGESS, Respondent-Cross Appel-
lant. [Case No. 97–0128] †

Court of Appeals

*Nos. 96–1455, 97–0128. Submitted on briefs September 15,
1997.—Decided October 14, 1997.*

(Also reported in 571 N.W.2d 432.)

On behalf of the defendants-appellants and appellant cross-respondent, the cause was submitted on the briefs of *J. Drew Ryberg and Kristina M. Bourget* of *Kelly & Ryberg, S.C.* of Eau Claire.

On behalf of the defendant-third-party-plaintiff-respondent, the cause was submitted on the brief of *Bruce Gillman* of *Tomlinson, Gillman & Rikkers, S.C.* of Madison.

On behalf of respondent cross-appellant, the cause was submitted on the briefs of *Edward F. Vlack* of *Davison & Vlack* of River Falls.

Before Cane, P.J., Myse and Hoover, JJ.

HOOVER, J. Edna Grundman and the estate of Ralph Grundman appeal two orders in Dunn County Circuit Court, consolidated for appeal purposes. First, Edna appeals an order that required her to pay $88,656.84 to Old Republic Surety Company and its subsidiary, State Surety Company. She asserts that attorney fees of $78,831.37 are unreasonable and that $9,825.47 interest cannot be awarded on the grounds that it was prejudgment interest on an unliquidated amount. Second, Edna appeals an order denying her claim against the estate of Martha Burgess for reimbursement of sums owed to the surety companies. She contends that reimbursement is mandated by §§ 857.05(1) and 857.07, STATS. We reject Edna's first argument but agree with her second. We therefore affirm the order requiring Edna to pay the surety companies, but reverse the order denying her reimbursement from the Burgess estate for the amount owed to the surety companies.

While the relevant facts are undisputed, the procedural history of the cases on appeal is somewhat complicated. Ralph Grundman was appointed personal representative of Martha Burgess's estate. Following his death, his wife, Edna, served in the same capacity. Pursuant to court order, the personal representatives

were each required to obtain surety bonds. State Surety issued a bond to Ralph in the amount of $1 million, while Old Republic issued a bond to Edna in the amount of $1.5 million. As part of the bond application, the Grundmans were required to indemnify the surety companies for any costs the latter incurred by providing the bonds.

Litigation began when heirs of Martha's estate brought suit against Edna and her late husband's estate, alleging that they were negligent in their duties as personal representatives of Martha's estate. The heirs also sued Carl Peterson, the attorney for the personal representatives, asserting that he converted funds belonging to the estate.[1] The surety companies were joined as defendants in the heirs' lawsuit.

On January 12, 1994, Edna signed a trust agreement on behalf of herself and her husband's estate with both surety companies whereby she placed personal assets totaling in excess of $500,000 in trust. The trust was to fund any damage award recovered by the plaintiffs and to reimburse and indemnify the surety companies for reasonable fees and expenses incurred in defending Edna and Ralph's estate.

The negligence case was tried to a jury. On August 26, 1994, it returned a special verdict finding neither Ralph nor Edna negligent. The Burgess estate appealed the judgment entered on the jury's verdict. We affirmed the judgment and the supreme court denied review.

On January 5, 1995, Edna signed an addendum to the trust agreement clarifying that the initial trust agreement applied to indemnify the surety companies for losses and expenses they might sustain under the

---

[1] The heirs won their claim against Peterson on summary judgment. That claim is not a part of this appeal.

bond issued on Ralph's behalf. On May 5, 1995, a hearing was held on the issue of the surety companies' request for indemnification. It was determined that resolution of the issue would await the outcome of the Burgess estate's appeal. Upon affirmance, the trial court ordered Edna to pay the surety companies $88,656.84, representing $78,831.37 in attorney fees and $9,825.47 interest.

Edna subsequently filed a claim in Dunn County Probate Court seeking reimbursement from Martha's estate for fees and expenses owed to the surety companies. On November 26, 1996, the trial court denied her claim. Edna appeals this order, consolidating it with the appeal from the order requiring her to pay on the indemnification agreement, which was held in abeyance until the trial court's decision on the reimbursement issue.

In May of 1995, Edna stipulated on the record that all legal services were necessary and rendered in good faith. She also stipulated to entry of judgment requiring her to indemnify the surety companies for "reasonable" expenses. Edna now asserts that attorney fees and expenses in the amount of $78,831.37 are unreasonable and therefore cannot be collected by the surety companies.

█

Issues of both fact and law underlie discretionary determinations. *Michael A.P. v. Solsrud*, 178 Wis. 2d 137, 153, 502 N.W.2d 918, 925 (Ct. App. 1993). In *Standard Theatres v. DOT*, 118 Wis. 2d 730, 747, 349 N.W.2d 661, 671 (1984), the supreme court stated that a trial court's valuation of attorney fees "will be sustained unless there is an abuse of discretion."[2] We

---

[2] Our supreme court has stated that the proper term to describe a trial court's error in reaching a decision involving

uphold the trial court's exercise of discretion if the record shows a process of reasoning dependent on facts of record and a conclusion based on a logical rationale founded upon proper legal standards. *State v. Shanks,* 152 Wis. 2d 284, 289, 448 N.W.2d 264, 266 (Ct. App. 1989). Once the facts are found, reasonableness is usually a question of law. *Nelson v. Machut,* 138 Wis. 2d 301, 305, 405 N.W.2d 776, 778 (Ct. App. 1987). Although we view the question as one of law, we give weight to the trial court's determination. *Id.* "The reasonableness of an attorney's fee is one of those rare questions of law to which we give weight to the trial court's determination." *Siegel v. Leer, Inc.,* 156 Wis. 2d 621, 630, 457 N.W.2d 533, 537 (Ct. App. 1990).

The trial court did not err by determining that the attorney fees were reasonable. First, under the parties' indemnity agreement, the surety companies were entitled to legal representation in defending their interests as co-defendants in the heirs' lawsuit against the Grundmans. In addition, the trust agreement and addendum entitled the companies to be indemnified for reasonable expenses for any claims asserted against the sureties under the bonds. Further, Edna stipulated to the necessity of the legal services performed by the sureties' attorney.

Therefore, the question is reduced to a determination of the reasonableness of the number of hours and the attorney's hourly rate. We agree with the trial court's assessment that the work performed was reasonable.

discretion is "erroneous exercise of discretion" instead of "abuse of discretion" because the latter suggests an unjustified negative connotation. *Hefty v. Hefty,* 172 Wis. 2d 124, 128 n.1, 493 N.W.2d 33, 34 n.1 (1992).

Edna argues that the Grundmans' obligation to reimburse the companies for attorney fees and expenses ended when Edna funded the trust, thus relieving the sureties of any potential liability under the bonds they issued to Edna and Ralph. She argues that this obligation totals $33,996.11. However, Edna did not limit her exposure to the extent she now proposes. The indemnity agreement she signed required her to cover *all* costs and expenses the companies incurred as a result of having executed bonds to the personal representatives. This would reasonably include the amount the companies were required to expend to realize the financial protection the agreement was intended to afford them.

Furthermore, the court did not err by finding the hourly attorney rate reasonable. The sureties' attorney charged $135 and $140 per hour. Although Eau Claire attorneys charge only $90 to $100 per hour for general litigation, the trial court reasoned that a surety company differs significantly from an insurance company, that the issues involved were complex, and that the surety companies appropriately selected an attorney with whom they were comfortable. Further, we believe it was appropriate for the trial court to consider that there are few experienced surety attorneys in Wisconsin, none of whom live in Eau Claire. Unrebutted testimony demonstrated that experienced surety attorneys reside in Madison and Milwaukee, where hourly rates are higher, and that this particular surety attorney's rates were low in comparison. Thus, giving weight to the trial court's conclusion, we agree that fees of $135 and $140 an hour are reasonable.

Edna next contends that the surety companies are not entitled to interest of $9,825.47 on the grounds that it was prejudgment interest on an unliquidated, disputed amount. Prejudgment interest may be awarded only if the amount of damages is determinable prior to judicial determination. *D'Huyvetter v. A.O. Smith Harvestore*, 164 Wis. 2d 306, 324, 475 N.W.2d 587, 593 (Ct. App. 1991). Edna's argument is flawed, however, because the premium in question is not prejudgment interest. Rather, as part of the bond application, Edna signed an indemnity agreement that provided that Old Republic Surety is entitled to interest on each payment made. It provides: "(11) In the event of any payment by the Company, Indemnitors agree to pay the Company interest at the prime rate plus 2% . . . ." This clause was enforceable as the company made each attorney fee payment. Edna had a duty to pay the sureties' fees monthly as they were billed, plus interest; however, she apparently refused to do so. Thus, interest accumulated month by month on the fees owed. This does not constitute prejudgment interest, but rather an amount the company is contractually entitled to receive.

Finally, Edna asserts that she is entitled to reimbursement from Martha's estate. She claims that the obligation to the surety companies is an expense under § 857.05(1), STATS., and that she is entitled to reimbursement under § 857.07, STATS., because the sums sought are sums paid on a bond given by a personal representative. We agree with both contentions.[3]

---

[3] Edna also contends that §§ 879.33 and 879.37, STATS., as well as equitable principles, support reimbursement. However, we resolve the issue on her other statutory arguments and decline to address these issues.

This issue presents us with a question of statutory interpretation, which presents a question of law we review de novo. *State v. Michels,* 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987). If the language is clear and unambiguous, the primary source of statutory interpretation is the language of the statute itself. *Robert Hansen Trucking v. LIRC,* 126 Wis. 2d 323, 332, 377 N.W.2d 151, 155 (1985).

The trial court correctly concluded that the reimbursement claim was not a common law compulsory counterclaim that must have been brought in the civil case, rather than probate court. The application of the common law compulsory counterclaim arises "only if a favorable judgment in the second action would nullify the judgment in the original action or impair rights established in the initial action." *A.B.C.G. Enters. v. First Bank S.E.,* 184 Wis. 2d 465, 476, 515 N.W.2d 904, 908 (1994). In the original action, the jury determined that Edna and her husband's estate were not negligent in their duties as personal representatives. The Burgess estate argues that there was no finding that its suit against the Grundmans was frivolous and, therefore, it did not have to pay Edna's attorney fees in the civil case. From this, it argues that a judgment requiring it to reimburse Edna and her husband's estate for attorney fees would nullify rights established in the initial action. However, Edna's claim is not for attorney fees but, rather, for statutory reimbursement for costs and expenses incurred as a personal representative. Nothing precludes Edna from seeking this claim in the probate case.

Further, Edna's claim for reimbursement was not litigated in the civil case, nor could it have been.

Rather, Judge Cameron, at the request of the Burgess estate, refused to consider whether the estate was required to reimburse Edna, reasoning that the trial court did not have jurisdiction but that the probate court alone had jurisdiction to decide Edna's reimbursement claim against the Burgess estate. Therefore, Edna's reimbursement claim is not barred under claim preclusion principles.

██ The probate court correctly concluded that reimbursement is not based upon a claim for recoupment of attorney fees but, rather, for reimbursement of a cost incurred by a personal representative deriving from such appointment. It held that awarding attorney fees would work against the public policy rule of the American Rule, however, which prevents a losing party from having to pay the winning party's attorney fees. It further found that none of Edna's statutory arguments entitled her to reimbursement. We disagree and conclude that §§ 857.05(1) and 857.07, STATS., require the estate to reimburse the personal representative.

First, Edna is entitled to reimbursement because the obligation to the surety companies is a necessary expense under § 857.05(1), STATS., 1993–94. That section provided:

> (1)   EXPENSES. The personal representative shall be allowed all necessary expenses in the care, management and settlement of the case.

As personal representatives of the Burgess estate, the Grundmans were required to post bonds. As part of the bonding process, they were required to assume certain liabilities, including liability to the surety companies for costs, expenses and attorney fees the latter incurred on the bonds. The surety companies incurred expenses

191

on the bonds in defending themselves and the Grundmans, who, as personal representatives, were responsible for exonerating the surety companies of these costs. The Grundmans' obligation to the surety companies was a necessary expense directly involved in managing and settling the estate. A plain reading of § 857.05(1) requires that Edna and her husband's estate be reimbursed for obligations arising as personal representatives.

Second, Edna is entitled to reimbursement under § 857.07, STATS., 1993–94, because the sums sought are sums paid on a bond given by a personal representative. The section provided in part:

> When costs are allowed against a personal representative in any action or proceeding the same shall be allowed the personal representative in the . . . account . . . . The court may allow as costs the sum paid by a personal representative on any bond or undertaking given by the personal representative in the case.

The costs referred to in this section are primarily conventional costs taxable upon recovery. *See In re Donge's Estate*, 103 Wis. 497 (1899). Under the American Rule, such costs do not include actual attorney fees unless such liability arises from a specific statute or by contract. *Hartman v. Winnebago County*, 208 Wis. 2d 552, 562, 561 N.W.2d 768, 771 (Ct. App. 1997).

This statute presents the first exception to the American Rule; it has long been construed to entitle personal representatives to reimbursement for attorney fees reasonably incurred in the performance of their duties. *In re Donge's Estate*; *Heiss v. Murphey*, 43 Wis. 45 (1877). We see nothing in the statute that limits its application to fees for attorneys retained by the

personal representative as opposed to those retained by a surety company the personal representative was required to involve in order to settle the estate and whose involvement was contractually conditioned upon her accepting responsibility for the surety's attorney fees.

Further, this section expressly applies to *any* action in which costs are assessed against the personal representative. Thus, it permits reimbursing costs incurred in the negligence case against the personal representatives.

In conclusion, we affirm the trial court's order requiring Edna to pay $88,656.84 to Old Republic and its subsidiary, State Surety, comprised of $78,831.37 in attorney fees and $9,825.47 interest. In addition, §§ 857.05(1) and 857.07, STATS., require that Edna be reimbursed from the Burgess estate for sums owed to the surety companies.

*By the Court.*—Orders affirmed in part and reversed in part. No costs on appeal.