IN RE the PETITION FOR a SUBPOENA OF DOCUMENTS FROM Keith STECKBAUER:

Ramiro ESTRADA, and Tammy Estrada, Appellants,

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 98–3055. Submitted on briefs April 26, 1999.—Decided May 25, 1999.*

(Also reported in 596 N.W.2d 496.)

On behalf of the appellants, the cause was submitted on the briefs of *Keith A. Steckbauer* and *Sorenson & Steckbauer Law Office* of Hortonville.

On behalf of the respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *James M. Freimuth*, assistant attorney general of Madison.

Before Cane, C.J., Myse, P.J., and Hoover, J.

HOOVER, J. This appeal concerns whether a videotaped interview of a crime victim conducted by the alleged perpetrator's spouse is privileged as either attorney communication or attorney work product. Ramiro and Tammy Estrada appeal a discovery order permitting the State to obtain a videotape Tammy made. The videotape depicts Tammy interviewing a minor, S.J., who alleged that Ramiro had sexual contact with her. The Estradas contend that the tape is privileged as an attorney-client communication and attorney work product and is therefore not subject to discovery. We reject these contentions because the communication was made in a third party's presence and therefore not confidential, and the Estradas have failed to show that counsel directed that the interview be conducted or adopted the videotape as his own work product. Accordingly, we affirm the order.

Tammy provides in-home day care. S.J.'s mother told Tammy that Ramiro had sexually touched S.J. during day care. Tammy discussed the matter with Ramiro, and they decided to call their attorney, who told Tammy that it would be helpful to know more

about the allegations. Tammy made a videotape that day consisting of a question and answer session between Tammy and the victim, S.J. Tammy gave the videotape to her attorney the next day.

The State subpoenaed the videotape pursuant to § 968.135, STATS.,[1] and the Estradas responded by moving to quash on grounds that the videotape was privileged as attorney-client communication and attorney work product. After reviewing the videotape in camera, the circuit court denied the motion to quash, finding first that it was not a confidential attorney-client communication. The court further stated that it was not convinced that the tape was work product but even if it was, there was good cause for its discovery. This appeal ensued.

The historical facts are not in dispute. We review questions of law de novo. *See Michael A.P. v. Solsrud*, 178 Wis. 2d 137, 148, 502 N.W.2d 918, 923 (Ct. App. 1993). The issues in this case involve whether under the undisputed facts, the videotape is privileged as either an attorney-client communication or attorney work product, questions of law we review independently of the trial court. *See id*. The burden of establishing whether the videotape is privileged lies on the Estradas, who assert the privilege. *See State v.*

---

[1] Section 968.135, STATS., provides in part:

Upon the request of . . . a district attorney and upon a showing of probable cause under s. 968.12, a court shall issue a subpoena requiring the production of documents, as specified in s. 968.13(2). The documents shall be returnable to the court which issued the subpoena. Motions to the court, including, but not limited to, motions to quash or limit the subpoena, shall be addressed to the court which issued the subpoena.

*Hydrite Chem. Co.*, 220 Wis. 2d 51, 64, 582 N.W.2d 411, 416 (Ct. App. 1998).

The Estradas argue that the videotape is a confidential communication between Tammy and her attorney. They contend that the videotape is no different from correspondence and that it was obtained solely to secure legal advice. While they agree that the underlying discussion between Tammy and S.J. is not privileged because S.J. was present, they nevertheless contend the communication's documentation was confidential. The State does not challenge that the videotape was a communication or that it was obtained to secure legal advice, but argues that S.J.'s presence and participation in the videotape destroys its confidential nature. It reasons that because the communication was made in a third party's presence, it cannot be confidential.

Because the parties' dispute is limited to whether the communication was confidential, we address only that issue. If the communication is confidential, the attorney-client privilege applies. Section 905.03(2), STATS. If it is not, the privilege does not apply. *Id.* We begin with § 905.03(2), which sets forth the attorney-client privilege. It provides in pertinent part:

> General rule of privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing *confidential* communications made for the purpose of facilitating the rendition of professional legal services to the client: between the client . . . and the client's lawyer . . . or by the client . . . to a lawyer representing another in a matter of common interest . . . . (Emphasis added.)

The statute also defines when a communication is confidential in subsec. (1)(d):

A communication is "confidential" *if not intended to be disclosed to 3rd persons* other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. (Emphasis added.)

We conclude that the videotape is not privileged as an attorney-client communication because it was not confidential. The communication was made in the presence of a third person, S.J. Tammy intended to disclose the communication to S.J., and S.J. is not one of the third persons under § 905.03, STATS., to whom communications can permissibly be disclosed while maintaining the privilege.

There is no merit to the Estradas' contention that the communication's documentation is somehow privileged. This situation is not analogous to one in which Tammy reports her interview with S.J. to counsel, either in writing or orally. In those instances, the communication is not made during the interview, but presumably later when no unauthorized third person hears what she says or sees what she has written. Here, the videotape contains more than Tammy's words and image. The court found that it was an interview between S.J. and Tammy, depicting the words and images of a third person, S.J., and was necessarily made in her presence. It is self-evident that Tammy could not have intended that the videotape and the information it depicts not be disclosed to S.J.

Moreover, S.J. is not a third person "to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communications." Section 905.03(1)(d), STATS. S.J. is neither Tammy's nor her attorney's representative. She is the victim of

and a witness to Ramiro's alleged illegal conduct. S.J. is not a reasonably necessary third party for the *transmission* of the communication. She may have been necessary to make the videotape, but she had nothing to do with transmitting it to Tammy's counsel. Because S.J. is not a third person to whom the communication may be disclosed and still remain privileged under § 905.03, the communication is not confidential.

Alternatively, the Estradas contend that the videotape is attorney work product. They argue that Tammy worked as her counsel's agent to secure the videotape. They further assert that the State has not made a good cause showing for the videotape's release. The State contends that the videotape is not attorney work product and, even if it is, the trial court appropriately determined that its nondisclosure would prejudice the State.

Attorney work product is a common law privilege recognized by our supreme court in *State ex rel. Dudek v. Circuit Court*, 34 Wis. 2d 559, 588–91, 150 N.W.2d 387, 403–05 (1967).[2] Before the videotape may be classified as attorney work product, it must have been obtained at the attorney's direction and in anticipation of litigation. *Id.* at 594–95, 150 N.W.2d at 406–07. In addition, our supreme court has recognized that attorney work product can include materials, information,

---

[2] The Estradas do not raise the potential application of § 804.01(2), STATS., the civil work product provision. The State contends that it has no application here. We do not decide this issue because it has not been adequately briefed or developed. Because the Estradas make no argument regarding its application, we decline to develop their arguments for them. *See State v. Flynn*, 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343, 346 n.2 (Ct. App. 1994).

mental impressions and strategies of others that attorneys assimilate as part of their own work product. *See State ex rel. Shelby Mut. Ins. Co. v. Circuit Court*, 67 Wis. 2d 469, 475, 228 N.W.2d 161, 164 (1975). If the videotape is attorney work product, then it has initial protection from discovery that may be overcome by the State's showing of good cause. *Dudek*, 34 Wis. 2d at 594–95, 150 N.W.2d at 406–07.[3]

We conclude that the videotape is not attorney work product because the record does not establish that it was obtained at counsel's direction or that counsel adopted the videotape as his own work product. Tammy's affidavit states only that the attorney discussed with her that it would be helpful to know more about S.J.'s allegations. Her affidavit does not assert that counsel directed her to interview S.J. or to ask S.J. certain questions. The trial court was entitled to conclude from Tammy's silence on these pivotal matters that those conversations did not occur and that she was acting independently, not as counsel's agent. Counsel has not submitted an affidavit indicating that he directed Tammy to make the videotape or claiming that he has adopted the videotape as his own work product. The trial court correctly concluded that the Estradas failed to show the privilege applies.

Because we conclude that the videotape is not attorney work product, we need not address whether the State has made a sufficient good cause showing under *Dudek* to permit discovery of attorney work

[3] Factors a court may consider in making this determination are set forth in *State ex rel. Dudek v. Circuit Court*, 34 Wis. 2d 559, 594, 150 N.W.2d 387, 406 (1967). We do not recite them here because we hold the videotape is not attorney work product.

product. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 56t9 (Ct. App. 1983).

*By the Court.*—Order affirmed.