STATE of Wisconsin EX REL. Edwin C. WEST,
Petitioner-Appellant,

v.

Byran BARTOW, Warden, Wisconsin Resource Center, Respondent-Respondent.

Court of Appeals

*No. 01–0962. Submitted on briefs December 13, 2001.—Decided January 16, 2002.*

2002 WI App 42

(Also reported in 642 N.W.2d 233.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Len Kachinsky* of *Kachinsky & Petit Law Offices* of Neenah.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J.    Edwin C. West appeals from an order transferring venue of his habeas corpus petition from Winnebago county to Milwaukee county. West argues that the trial court erred in transferring venue because his habeas corpus petition was properly venued in Winnebago county pursuant to Wis. Stat. § 801.50(4)(b) (1999–2000).[1] While we agree that this matter was properly venued in Winnebago county, we conclude that the trial court had the discretion to transfer this matter to Milwaukee county pursuant to Wis. Stat. § 801.52. We therefore affirm the order of the trial court.

## FACTS

¶ 2.    On March 6, 2001, West filed a petition for habeas corpus in Winnebago county. West had been committed to the Wisconsin Resource Center, located in Winnebago county, under Wis. Stat. ch. 980 after proceedings in Milwaukee county. In his habeas petition,

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

West alleged that he was being unlawfully restrained of his liberty because he was unlawfully committed under ch. 980.

¶ 3. In response to the petition, Byran Bartow, Warden of the Wisconsin Resource Center, filed a motion for change of venue to Milwaukee county. On March 30, 2001, a hearing was held on this motion wherein the trial court granted Bartow's motion for a change of venue to Milwaukee county. On April 9, 2001, West filed a petition for leave to appeal this order, which we granted on May 9, 2001.

## DISCUSSION

¶ 4. Change of venue in civil cases is governed by statute. *Cent. Auto Co. v. Reichert*, 87 Wis. 2d 9, 15, 273 N.W.2d 360 (Ct. App. 1978). The granting of a change of venue is discretionary with the trial court and generally will not be disturbed on appeal unless it appears that the trial court misused its discretion. *Id.* However, here we must review the trial court's construction of the venue statutes, a matter of statutory interpretation. Statutory interpretation is a question of law that we review de novo. *State ex rel. Cramer v. Court of Appeals*, 2000 WI 86, ¶ 17, 236 Wis. 2d 473, 613 N.W.2d 591, *reconsideration denied*, 2000 WI 121, 239 Wis. 2d 314, 619 N.W.2d 96 (Wis. Sept. 14, 2000) (No. 99–1089–OA).

¶ 5. West argues that the trial court erred in transferring venue to Milwaukee county because venue was proper in Winnebago county pursuant to Wis. Stat. § 801.50(4)(b). We agree that venue was proper in Winnebago county under § 801.50(4)(b) and that the trial court mistakenly relied upon § 801.50(4)(a) in de-

termining that Milwaukee county was the appropriate venue. Section 801.50(4) addresses venue in civil proceedings and reads:

> Venue of an action seeking a remedy available by habeas corpus shall be in the county:
>
> (a) Where the plaintiff was convicted or sentenced if the action seeks relief from a judgment of conviction or sentence under which the plaintiff's liberty is restrained.
>
> (b) Where the liberty of the plaintiff is restrained if the action seeks relief concerning any other matter relating to a restraint on the liberty of the plaintiff.

¶ 6. The trial court transferred venue of this habeas corpus civil proceeding pursuant to WIS. STAT. § 801.50(4)(a). However, West's habeas petition did not seek relief from a judgment of conviction or sentence under which his liberty was restrained. West's habeas petition challenged his WIS. STAT. ch. 980 civil commitment. The State concedes that the plain language of § 801.50(4)(a) does not provide for a venue change of a habeas action filed by a ch. 980 patient challenging his or her ch. 980 commitment and therefore the trial court's reliance on § 801.50(4)(a) was incorrect.

██

¶ 7. However, it is well established that if a trial court reaches the proper result for the wrong reason, it will be affirmed. *State v. Holt*, 128 Wis. 2d 110, 124, 382 N.W.2d 679 (Ct. App. 1985). WISCONSIN STAT. § 801.52 allows for a discretionary change of venue: "The court may at any time, upon its own motion, the motion of a party or the stipulation of the parties, change the venue

744

to any county in the interest of justice or for the convenience of the parties or witnesses."

¶ 8. West argues that Wis. Stat. § 801.52 does not apply here because the State never asked the trial court to consider a discretionary change of venue and the trial court never considered the merits of a discretionary change of venue. West ignores that it was he who introduced § 801.52 into this debate; his response to the change of venue motion specifically referenced § 801.52.

¶ 9. The trial court clearly stated in its findings that Milwaukee county was the most convenient forum in which to hear this petition:

> This case was a Milwaukee County case from start to finish. It was a result of an order from a Milwaukee County judge which committed Mr. West to the setting that he now finds himself in. The attack that's being made with the habeas petition is an attack on the underlying judgment from Milwaukee County . . . and that the proper place of venue for this action and this attack would be Milwaukee County. They have all the files, they have all of the documents regarding the judgment that's being attacked by Mr. West, so it would appear that - to me anyway that that would be the most appropriate venue for this to be heard.

██

¶ 10. The trial court obviously determined that the interests of justice and the convenience of the parties or witnesses necessitated a change of venue to Milwaukee county. The trial court's failure to use the "magic words" of Wis. Stat. § 801.52 does not amount to reversible error. *Michael A.P. v. Solsrud*, 178 Wis. 2d 137, 151, 502 N.W.2d 918 (Ct. App. 1993). While the trial court did not specifically refer to § 801.52, the trial court's reasoning demonstrates that it exercised its

discretion and considered the standard set forth in § 801.52.

## CONCLUSION

¶ 11.   We agree that this action was properly venued in Winnebago county pursuant to Wis. Stat. § 801.50(4)(b) and the trial court's reliance on § 801.50(4)(a) as justification for a transfer of venue was incorrect. However, we conclude that the trial court appropriately exercised its discretion under Wis. Stat. § 801.52 in transferring this matter to Milwaukee county. We therefore affirm the order of the trial court.

*By the Court.*—Order affirmed.