COURT OF APPEALS
DECISION
DATED AND FILED

August 11, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1479**

Cir. Ct. No. **2015PR39**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

IN THE MATTER OF ATTORNEY FEES IN:
IN RE THE MATTER OF W. D. L. TRUST DATED 12/1/1993:

WAYNE M. LAUTENBACH,

PETITIONER-APPELLANT,

V.

WAYNE L. LAUTENBACH AND DIANNE F. LAUTENBACH,

TRUSTORS-RESPONDENTS.

APPEAL from an order of the circuit court for Door County: KEITH A. MEHN, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. This matter arises from a protracted dispute concerning a trust established by Dianne and Wayne L. Lautenbach. Trust beneficiary Wayne M. Lautenbach—Dianne and Wayne L.'s son—appeals an order denying his request for attorney fees. Because the record before us provides ample support for the circuit court's discretionary decision not to award Wayne M. attorney fees, we affirm.

## BACKGROUND

¶2     In 1993, Dianne and Wayne L. established the WDL Trust ("the Trust"). According to its terms, the Trust was "established for an initial term of 21 years, by Common Law by and between the undersigned Creator, Trustor(s), Protector, and Trustees thereof, as a pure and irrevocable *Inter Vivos* (living) Trust." Each of the Trust's three named beneficiaries (including Wayne M.) was to receive an approximate one-third share of the Trust's assets upon termination.

¶3     In 2011, Wayne L., acting in his capacity as trustee, retained an attorney and commenced an action to evict Wayne M. from a residence owned by the Trust. Wayne M. counterclaimed, and he also filed a third-party complaint against both Dianne and Wayne L. individually.

¶4     In 2014, while the eviction action was still pending, Wayne L. and another trustee, Frank Lautenbach, executed a document renewing the Trust. Wayne M. subsequently petitioned the circuit court for a declaration that this

renewal was invalid[1] and that therefore "all assets of the Trust should be distributed to the Beneficiaries on a prorated basis."

¶5 In response, Dianne and Wayne L. asserted that, due to the circumstances related to the creation (as opposed to the renewal) of the Trust, the Trust should be declared void. In the alternative, Wayne L. and Dianne requested that the court reform the Trust to "correct mistakes made."

¶6 In 2015, the separate actions related to the WDL Trust were consolidated into the single case underlying this appeal. Dianne and Wayne L. pursued their claim that the Trust should be declared void until March 2017, at which time they abandoned that claim and stipulated to the Trust's validity. Although Dianne and Wayne L. stipulated to the Trust's validity, they continued to pursue their claim that the Trust needed to be reformed "to conform to [their] intent to create a Trust that was revocable."

¶7 Following Dianne and Wayne L.'s stipulation to the validity of the Trust, Wayne M. moved the circuit court for an award of attorney fees "incurred from the commencement of this action in connection with defending the validity of the WDL Trust." Wayne M. also opposed reformation of the Trust, but he continued to argue that the 2014 renewal of the Trust was invalid and that, therefore, the Trust should be terminated according to its terms. In the alternative, he requested that any reformation of the Trust adequately protect his interests as a beneficiary.

---

[1] Wayne M.'s arguments concerning the validity of the renewal of the Trust are immaterial to this decision. We will not further address them.

¶8     The matter proceeded to a three-day bench trial. On December 29, 2017, the circuit court issued a written decision determining that "reformation of the Trust is required in this matter." The court explained that it could not reform the Trust in the specific manner requested by any of the parties, however, because they all lacked "clean hands." The court further found that "[e]ach [of the parties] tries to skirt the law when it benefits them."

¶9     In regard to Wayne M. specifically, the circuit court wrote that he "was not credible. He was deliberately vague and evasive during his testimony regarding ownership of other real estate not in the Trust." The court also observed that "Wayne M. did not complain when his income [paid by the Trust] was not reported to the IRS. In addition, requests for child support against Wayne M. were certainly affected by the nondisclosure of income."

¶10     Ultimately, the circuit court concluded that although reformation of the Trust was required, the Trust would remain irrevocable because "Wayne L. and Dianne would immediately disinherit Wayne M. if this Trust were reformed to be revocable [and] that result would not be consistent with the intentions of the parties." The court then ordered a number of changes to the terms of the Trust, the substance of which are not relevant to this appeal.

¶11     After detailing the ways in which the Trust would be reformed, the circuit court stated that a "significant factor in fashioning equitable relief in this case [is that] Wayne M. has been admitted into possession of a residence on the Trust property at issue and has been residing in that residence for a number of years." On this basis, the court awarded Wayne M. "the residence in which he currently resides."

¶12    The circuit court's December 29, 2017 written decision did not address Wayne M.'s pretrial motion for attorney fees.  Consequently, after the court issued its decision, Wayne M. filed a "supplemental brief" in support of his motion seeking attorney fees.  In his supplemental brief, Wayne M. argued that he was entitled to "all attorney's fees and costs pursuant to WIS. STAT. § 701.1004(1) [2017-18[2]], WIS. STAT. § 879.37, numerous common law doctrines, and equity."

¶13    On May 22, 2018, the circuit court denied Wayne M's motion for attorney fees in a written decision.  The court wrote that it "inadvertently omitted" addressing the issue of attorney fees in its prior decision.  The court explained, however, that:

> It was always the intent of this Court that, given the equities in this matter and the fact that none of the parties received the remedy they requested, it would be inequitable to award attorney's fees, costs, or disbursements to any party in this matter or to grant any open motions.  This Court heard testimony for over two days and reviewed all arguments made in this matter and crafted an equitable decision which did not envision awarding attorney's fees, costs, or disbursements to any party.  This Court fashioned a remedy to obtain equity, although it was difficult because none of the parties in this matter had clean hands.  The denial of attorney's fees, costs, and disbursements to any party was factored into the equities of the Court's [prior] Decision and Order.

Wayne M. now appeals from the order denying his motion for attorney fees.[3]

---

[2]  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3]  We note that Dianne and Wayne L., who were represented by counsel in the circuit court, appear pro se on appeal.  In their response brief, Dianne and Wayne L. raise a number of arguments regarding Wayne M.'s motivation for his defense of this matter that are irrelevant to the issue before us.  We do not discuss these irrelevant arguments any further in this opinion.

## DISCUSSION

¶14     Wisconsin, like most jurisdictions, has adopted the so-called American Rule when it comes to attorney fees.  ***Watkins v. LIRC***, 117 Wis. 2d 753, 758, 345 N.W.2d 482 (1984).  Under this rule, parties pay their own attorney fees unless they fall within a recognized exception to the rule or are entitled to fees by contract or statute.  *See **Estate of Kriefall v. Sizzler USA Franchise, Inc.***, 2012 WI 70, ¶72, 342 Wis. 2d 29, 816 N.W.2d 853.

¶15     On appeal, as he did in his supplemental brief below, Wayne M. argues that he is entitled to an award of attorney fees under WIS. STAT. §§ 701.004(1) and 879.37, numerous common law doctrines, and for "reasons of equity."   We assume without deciding, for purposes of this opinion, that Wayne M. is correct that each of his identified statutes and recognized exceptions to the American Rule apply to the circumstances of this case.

¶16     Even assuming as such, however, it is undisputed that none of them mandate such an award.[4]   Instead, each of Wayne M.'s identified grounds for

---

[4] In particular, we note that Wayne M. develops an argument concerning whether he was a "prevailing party" within the meaning of WIS. STAT. § 879.37.   Wayne M.'s status as a prevailing party is not dispositive, however, because even when a "party is a prevailing party [under § 879.37], then the court may, but need not, award attorney fees." ***Estate of Wheeler v. Franco***, 2002 WI App 190, ¶6, 256 Wis. 2d 757, 649 N.W.2d 711.

relief merely grant a circuit court the discretion to depart from the American Rule in a given case.[5]

¶17 Thus, the dispositive issue in this appeal is not whether the circuit court could have awarded Wayne M. attorney fees, but whether the court erroneously exercised its discretion by declining to do so. We will affirm a court's discretionary decision if the court applied the correct law to the relevant facts and reasoned its way to a reasonable conclusion. *Estate of Wheeler v. Franco*, 2002 WI App 190, ¶6, 256 Wis. 2d 757, 649 N.W.2d 711.

¶18 When reviewing a circuit court's discretionary decision, we will not overturn the court's factual findings unless those findings are clearly erroneous. *See Michael A.P. v. Solsrud*, 178 Wis. 2d 137, 148, 502 N.W.2d 918 (Ct. App. 1993). Moreover, because the notion of discretion is "fundamental to the trial court's ability to fulfill its role in the legal system, 'we will search the record for reasons to sustain its exercise of discretion.'" *Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶11, 305 Wis. 2d 658, 741 N.W.2d 256 (citation omitted).

¶19 Here, the record provides ample support for the circuit court's decision not to award Wayne M. attorney fees. As stated, the court found in its December 29, 2017 written decision that Wayne M. did not have "clean hands" and that he was "deliberately vague and evasive during his testimony." In

---

[5] *See* WIS. STAT. § 701.1004(1) ("court … may award … reasonable attorney fees"); WIS. STAT. § 879.37 ("[r]easonable attorney fees may be awarded"); *Trustees v. Greenough*, 105 U.S. 527, 537 (1881) (courts have "considerable latitude of discretion" to award attorney fees under the common fund doctrine); *Nationstar Mortg. LLC v. Stafsholt*, 2018 WI 21, ¶3, 380 Wis. 2d 284, 908 N.W.2d 784 (courts may include attorney fees as part of an equitable remedy in "exceptional cases and for dominating reasons of justice"); *Irving v. Sheldon*, 249 Wis. 430, 431 32, 24 N.W.2d 875 (1946) (explaining that a court may, within its equitable authority, award attorney fees and expenses from the estate to those who litigate for the benefit of the estate).

addition, the court found that Wayne M. failed to report income he received from the Trust to the IRS, and that this nondisclosure affected claims for child support that were made against Wayne M. Wayne M. develops no reasoned argument explaining why a court's decision not to depart from the American Rule to award attorney fees to a party who engages in such conduct constitutes an erroneous exercise of discretion, and we perceive no logical basis to arrive at such a conclusion.

¶20 Rather than confront the circuit court's findings regarding his conduct in this case, Wayne M. instead faults the court for failing to "analyze and apply" the grounds for awarding attorney fees Wayne M. cited in his supplemental brief after trial. This argument is unavailing. As explained above, none of the grounds Wayne M. cites for an award of attorney fees mandate that such an award be made; they simply afford a circuit court the discretion to depart from the American Rule in a given case.

¶21 As the circuit court's May 22, 2018 decision made clear, the court did not decline to award attorney's fees because it felt there was no basis for awarding such fees, but because it was "always the intent of this Court" that to grant such an award in this case "would be inequitable." To that end, rather than award attorney fees, the court decided to "fashion[] a remedy to obtain equity, although it was difficult because none of the parties in this matter had clean hands. The denial of attorney's fees, costs, and disbursements to any party was factored into the equities of the Court's Decision."

¶22 We cannot conclude the circuit court erroneously exercised its discretion in reaching this conclusion and fashioning its remedy in the manner it did. As stated, that remedy awarded Wayne M. the residence that previously had

been titled in the name of the Trust and also maintained the Trust in a manner that prevented Dianne and Wayne L. from disinheriting Wayne M. We will not disturb the court's determination that granting this relief—without an additional award of attorney fees—was appropriate given the circumstances.

¶23　Wayne M. also faults the circuit court for making "absolutely no findings of fact in its two page May 22, 2018 decision." This argument provides Wayne M. no basis for relief. As just explained, the court's May 22, 2018 decision acknowledged the court "inadvertently omitted" explicitly addressing Wayne M.'s request for attorney fees in its December 29, 2017 decision, but it also stated the court had "factored" the request into its decision. As such, the findings the court made in its December 29 decision support the court's denial of Wayne M.'s request for attorney fees.

¶24　In any event, even if the circuit court had not implicitly incorporated its December 29, 2017 decision into its May 22, 2018 decision, we would still be obligated to "search the record for reasons to sustain" the court's exercise of discretion. *See Roy*, 305 Wis. 2d 658, ¶11. For the reasons stated, the record provides ample support for the court's decision to deny Wayne M.'s request for attorney fees.[6]

---

[6] Dianne and Wayne L. also argue that Wayne M.'s request for attorney fees was untimely or barred the doctrines of either: laches; estoppel; issue and claim preclusion; or waiver/forfeiture. Because we affirm the circuit court's discretionary decision to deny Wayne M.'s attorney fees for the reasons set forth above, we need not, and do not, address these arguments. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.