STATE EX REL. BOYD, Petitioner, vs. AARONS, Circuit Judge, Respondent.

*January 15—February 10, 1942.*

The cause was submitted for the petitioner on the brief of *James E. Coleman* of Milwaukee, and for the respondent on the brief of *Shaw, Muskat & Paulsen* of Milwaukee.

WICKHEM, J.   Relator contends that Milwaukee county is not the proper place for the trial of this action, and relies to

establish this proposition upon the provisions of sec. 261.01 (11), Stats. This section reads as follows:

"261.01  *Place of trial.*  Except as provided in section 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows: . . .

"(11) *Auto accident actions.*  Of an action growing out of the negligent operation of a motor vehicle, the county in which the cause of action arose or where the defendant resides."

Relator claims that since he resides in Washington county, and since the accident happened in that county, Washington county is the only proper place for trial of this action. Involved in this contention is the claim that since Boyd is the alleged tort-feasor he is the defendant in the sense ascribed to that word in the statute. On the other hand, respondent contends, (1) that the insurer is a defendant directly liable to plaintiff upon plaintiff's cause of action against Boyd; (2) that it is a defendant under sec. 261.01 (11); or (3) (in the alternative) that sec. 261.01 (5), Stats., providing that the proper venue of an action against an insurance company upon a policy issued by that company is the county in which the defendant has its principal office applies. In effect, relator's argument is that there is only one tort-feasor and one principal defendant in this case, and that while for the convenience of plaintiff he is permitted to join the insurance company, this does not affect the venue statute, nor give to plaintiff the privilege of suing at the place of residence of the insurance company to the inconvenience of the alleged tort-feasor.

We are persuaded that this argument is not sound. Sec. 261.01 (11), Stats., does not mention specifically the tort-feasor but governs the venue of *an action growing out of the negligent operation of a motor vehicle,* and places the venue in the county where the cause of action arose or where the defendant resides. There is some argument to the effect that

the cause of action against the insurer is one upon contract, whereas that against the so-called principal defendant is upon tort. However, venue relates to the action and not to the cause of action, and the venue established as proper by sub. (11) is that of an action growing out of the negligent operation of a motor vehicle. Both tort-feasor and insurer are proper defendants in such an action, and are liable to plaintiff directly if negligence and damages are proved. It is true that certain defenses are open to the insurer and that its liability is limited by the policy. But there can be no doubt that the insurer is a proper defendant in an action growing out of the negligent operation of a motor vehicle. Not only this, but in *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87, this court held that the insurer could be sued without joining the tort-feasor at all. In such a case it could hardly be argued successfully that the place of residence of the insurer was not a proper place of trial under sub. (11) of sec. 261.01. In *New Amsterdam Casualty Co. v. Simpson,* 238 Wis. 550, 300 N. W. 367, this court declined to give declaratory relief to a liability insurer for the reason that this would merely anticipate one of several defenses available to the insurer against the person injured, and in *Cespuglio v. Cespuglio,* 238 Wis. 603, 300 N. W. 780, the doctrine was reaffirmed and applied to the situation there presented. It follows that the insurance company is a defendant in an action growing out of the negligent operation of the motor vehicle. True, it is not the only defendant, but it is the rule in Wisconsin that if there are several parties defendant and the venue is well founded in respect of any one defendant, the other defendants are not entitled to secure a change of venue. *Holm v. Colman,* 89 Wis. 233, 61 N. W. 767. Hence, where there is more than one defendant in an action governed by sec. 261.01 (11) the venue may be laid either in the county where the accident occurred, or in a county which is the residence either of the

alleged tort-feasor or of the liability insurer. In view of this, it is unnecessary to consider the application, (1) of sec. 261.01 (5), which makes the venue of an action against an insurance company to recover on a policy of insurance the county in which defendant has its principal office, or in which plaintiff resides; (2) sec. 261.01 (6), which specifies as the proper place for trial of action against other corporations the county in which the corporation has its principal office; or (3) sec. 261.01 (12), which provides as the venue of "any other action, the county in which any defendant resides at the commencement of the action."

*By the Court.*—Writ denied.