**2023 WI App 10**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2022AP536

†Petition for Review filed

Complete Title of Case:

GEORGE T. STELLING, A MINOR BY HIS GUARDIAN AD LITEM
ERIC J. RYBERG, MARK STELLING AND REBEKAH STELLING,

    PLAINTIFFS-RESPONDENTS,

    V.

MIDDLESEX INSURANCE COMPANY, FRIEDE & ASSOCIATES, LLC
AND ZACHARY J. DOROW,

    DEFENDANTS,

MT. MORRIS MUTUAL INSURANCE COMPANY, EDWARD P. SCANLAN
AND OLIVER J. SCANLAN,†

    DEFENDANTS-APPELLANTS,

TREK BICYCLE CORPORATION GROUP HEALTH BENEFIT PLAN,
DELTA DENTAL OF WISCONSIN AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    SUBROGATED DEFENDANTS.

| | |
|---|---|
| Opinion Filed: | January 12, 2023 |
| Oral Argument: | December 5, 2022 |

| | |
|---|---|
| JUDGES: | Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ. |

Appellant

ATTORNEYS:            On behalf of the defendants-appellants, the cause was submitted on the briefs of *Jeffrey T. Nichols* and *Micaela E. Haggenjos* of *Crivello Carlson S.C.*, Milwaukee.  There was oral argument by *Micaela E. Haggenjos*.

Respondent
ATTORNEYS:            On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Eric J. Ryberg* and *David S. Blinka* of *Habush Habush & Rottier, S.C.*, Madison.  There was oral argument by *David S. Blinka*.

**2023 WI App 10**

## COURT OF APPEALS
## DECISION
## DATED AND FILED

### January 12, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No.    2022AP536** | Cir. Ct. No.  2021CV2999 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

GEORGE T. STELLING, A MINOR BY HIS GUARDIAN AD LITEM
ERIC J. RYBERG, MARK STELLING AND REBEKAH STELLING,

    PLAINTIFFS-RESPONDENTS,

  V.

MIDDLESEX INSURANCE COMPANY, FRIEDE & ASSOCIATES, LLC
AND ZACHARY J. DOROW,

    DEFENDANTS,

MT. MORRIS MUTUAL INSURANCE COMPANY, EDWARD P. SCANLAN AND
OLIVER J. SCANLAN,

    DEFENDANTS-APPELLANTS,

TREK BICYCLE CORPORATION GROUP HEALTH BENEFIT PLAN,
DELTA DENTAL OF WISCONSIN AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    SUBROGATED DEFENDANTS.

APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed and cause remanded for further proceedings.*

Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

¶1 KLOPPENBURG, J. George Stelling was injured when the vehicle in which he was a passenger was involved in an accident in Sauk County, Wisconsin. George Stelling, by his guardian ad litem, and his parents Mark and Rebekah Stelling (collectively, "Stelling"), subsequently filed this negligence action in the Dane County Circuit Court against the drivers and owners of the vehicles involved in the accident and their insurers. Defendants Mt. Morris Mutual Insurance Company, Edward Scanlan, and Oliver Scanlan filed a motion to change venue from Dane County to Sauk County. Defendants Middlesex Insurance Company, Friede & Associates, LLC, and Zachary Dorow filed a letter in the circuit court joining Mt. Morris's motion.[1] In support of its motion, Mt. Morris argued that it is entitled to a change in venue as a matter of right under WIS. STAT. § 801.50(2)(a) and (c) (2019-20) because it presented evidence showing that Mt. Morris Mutual does not do substantial business in Dane County, thereby rendering venue improper as to Mt. Morris Mutual.[2] In the alternative, Mt. Morris sought a discretionary change in venue to Sauk County in the interest of justice and

---

[1] When referring to the parties' filings and arguments, we refer to defendants Mt. Morris Mutual Insurance Company, Edward Scanlan, and Oliver Scanlan collectively as "Mt. Morris," and to defendants Middlesex Insurance Company, Friede & Associates, LLC, and Zachary Dorow collectively as "Middlesex." We refer to each insurance company individually as "Mt. Morris Mutual" and "Middlesex Insurance," and to Friede and Associates, LLC, individually as "Friede."

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

for the convenience of the parties and witnesses under WIS. STAT. § 801.52. The circuit court denied the motion to change venue under both §§ 801.50(2) and 801.52. This court granted Mt. Morris's petition for leave to appeal the circuit court's order under WIS. STAT. § 808.03(2).[3]

¶2      Mt. Morris focuses in this appeal, as it did in the circuit court, on whether venue in Dane County is proper as to Mt. Morris Mutual. Mt. Morris argues that Mt. Morris Mutual is entitled to a change in venue as a matter of right because WIS. STAT. § 801.50(2)(c) limits venue to only one county where a defendant does "substantial business," and the evidence shows that Dane County is not that county as to Mt. Morris Mutual. Mt. Morris argues in the alternative that, if venue in Dane County is proper as to Mt. Morris Mutual, the circuit court erroneously exercised its discretion in determining that a change of venue to Sauk County is not "in the interest of justice or for the convenience of the parties or witnesses" under WIS. STAT. § 801.52.

¶3      We reject Mt. Morris's argument for a change of venue as a matter of right, and affirm the circuit court, on several independent bases. One basis stems from the longstanding rule from our supreme court that, in an action against multiple defendants, if venue is proper as to any one defendant, then the action is properly venued, and any other defendant is not entitled to a change in venue as a matter of right. *State ex rel. Boyd v. Aarons*, 239 Wis. 643, 646, 2 N.W.2d 221 (1942) ("[I]t is the rule in Wisconsin that if there are several parties defendant and the venue is well founded in respect of any one defendant, the other defendants are not entitled to secure a change of venue.").

---

[3] Middlesex did not petition for leave to appeal the circuit court order on venue.

¶4      The moving defendants in the circuit court were Mt. Morris Mutual and its insureds, and Middlesex Insurance and its insureds. The circuit court's order denied "[t]he Defendants'" motion to change venue as a matter of right. Middlesex Insurance and Friede have not petitioned for appellate review. The circuit court venue order as to Middlesex Insurance and Friede controls and cannot be reversed. Thus, the rule in *Boyd* requires that we reject Mt. Morris's appeal, affirm the order, and remand for further proceedings.

¶5      The next independent basis to conclude that Mt. Morris's appeal fails is that the movants did not show in the circuit court that venue in Dane County is improper as to each of Middlesex Insurance, Friede, and Mt. Morris Mutual under the venue selection statutes, WIS. STAT. §§ 801.50-801.53. This basis is supported by alternative grounds: (1) the challenge to venue fails because Middlesex did not timely move in the circuit court to change venue as to the non-natural person defendants Middlesex Insurance and its insured Friede, and did not present any proof or argument in the circuit court showing that Middlesex Insurance and Friede do not do substantial business in Dane County; (2) the circuit court properly denied the motion to change venue as a matter of right because Mt. Morris failed to support the motion with proof or argument in the circuit court that Middlesex Insurance and Friede do not do substantial business in Dane County; (3) the circuit court properly determined that the proof provided by Mt. Morris is sufficient to show that Mt. Morris Mutual does substantial business in Dane County. For each of those reasons, the motion to change venue as a matter of right was properly denied by the circuit court.

¶6      As to Mt. Morris's argument under WIS. STAT. § 801.52, we conclude that the circuit court properly exercised its discretion in denying the motion to change venue under § 801.52. Accordingly, we affirm.

4

## BACKGROUND

¶7     The following material facts are not disputed.  In October 2019, two vehicles accidentally collided in Sauk County.  Oliver Scanlan was the driver of one of the vehicles involved in the collision, and George Stelling was in the passenger seat of that vehicle.  At the time of the accident, Oliver Scanlan was a minor and he was driving the vehicle owned by, and with the permission of, Edward Scanlan.  The other vehicle was owned by Friede and was driven by Zachary Dorow, a Friede employee.

¶8     Stelling filed a complaint in Dane County naming as defendants the drivers and the owners of the vehicles, their insurers, and several subrogated parties.[4]  In the complaint, Stelling alleged that the drivers were negligent in the operation of their respective vehicles and that George Stelling suffered severe injuries as a result of the collision.

¶9     George Stelling and his parents are residents of Sauk County.  Oliver Scanlan and Edward Scanlan are also residents of Sauk County.  Zachary Dorow is a resident of Sauk County.  Dorow's employer, Friede, is a domestic business with its principal office in Sauk County.  Mt. Morris Mutual, which insured Edward and Oliver Scanlan at the time of the collision, has its principal office in Waushara County.  Middlesex Insurance, which insured Friede and Dorow at the time of the collision, has its principal office in Portage County.

¶10     Mt. Morris filed a motion to change venue to Sauk County and Middlesex, by letter, subsequently joined the motion.  Mt. Morris argued that it is entitled to a change in venue as matter of right because venue in Dane County is

---

[4] The parties do not discuss whether the subrogated parties must be considered in the venue analysis.  Thus, we do not decide that issue or refer further to the subrogated parties.

5

improper as to Mt. Morris Mutual under WIS. STAT. § 801.50(2)(c), based on evidence that it asserted shows that Mt. Morris Mutual does not do substantial business in Dane County.[5] That evidence comprises averments that Mt. Morris Mutual had, as of February 1, 2022, 559 insurance policies in force in Dane County and, as of March 7, 2022, earned $859,145 in annual premiums from those policies. Alternatively, Mt. Morris sought a discretionary change of venue to Sauk County in the interest of justice and for the convenience of the parties and witnesses under WIS. STAT. § 801.52. Mt. Morris and Stelling filed briefs with supporting affidavits and presented arguments at a hearing, at the conclusion of which the circuit court issued a ruling denying "[t]he Defendants' motion."

¶11 After this court granted Mt. Morris's petition for leave to appeal, Mt. Morris and Stelling filed their appellate briefs and this court held oral argument.

¶12 We will present additional background regarding the parties' filings, the evidence presented in the circuit court, and the circuit court's ruling in the analysis that follows.

---

[5] WISCONSIN STAT. § 801.50(2) provides as follows:

> (2) Except as otherwise provided by statute, venue in civil actions or special proceedings shall be as follows:
>
> (a) In the county where the claim arose;
>
> (b) In the county where the real or tangible personal property, or some part thereof, which is the subject of the claim, is situated;
>
> (c) In the county where a defendant resides or does substantial business; or
>
> (d) If the provisions under par. (a) to (c) do not apply, then venue shall be in any county designated by the plaintiff.

Sec. 801.50(2).

**DISCUSSION**

¶13    The parties do not dispute that venue in Dane County is not proper as to the Stellings, the Scanlans, and Dorow.  The resolution of Mt. Morris's appeal based on its asserted entitlement to a change of venue as a matter of right depends on whether venue in Dane County is also improper as to Mt. Morris Mutual, Middlesex Insurance, and Friede.  In the first two sections that follow, we explain why we reject Mt. Morris's appeal on this basis.  In the third section, we explain why we reject Mt. Morris's appeal based on its challenge to the circuit court's denial of its motion for a change a venue as a matter of discretion.

## I.  FAILURE OF MT. MORRIS'S APPEAL BASED ON MIDDLESEX INSURANCE'S AND FRIEDE'S FAILURE TO APPEAL

¶14    To repeat, the circuit court order that Mt. Morris's appeal denied "[t]he Defendants' motion" to change venue, and those defendants were Mt. Morris and Middlesex.

¶15    In this court, more than three months after we granted Mt. Morris's petition for leave to appeal that order, Middlesex filed a "Statement Joining Mt. Morris' Appeal."  The Statement notes that Middlesex joined Mt. Morris's motion in the circuit court and states that Middlesex had advised Mt. Morris's counsel that Middlesex "supports and joins" Mt. Morris's position on appeal.  The Statement concludes, "There is no formal procedure set forth in the Wisconsin Statutes to join/support another party's position without filing a separate brief.  That being the case, Middlesex respectfully requests that the Court of Appeals take notice that Middlesex joins Mt. Morris' appeal."

¶16    This court issued an order stating, "Defendant Middlesex Insurance Company, Inc., has written this court that it is aligned with the position of the

7

appellant. However, while Middlesex participated as a defendant in the circuit court, it is not designated as a party on appeal, and does not assert that it should be designated as a party in this appeal." Accordingly, this court stated that it "will take no action on the current filing."

¶17 Orders relating to venue are appealable by permission under WIS. STAT. § 808.03(2). A party must petition for leave to appeal a non-final order within 14 days after entry of the order. WIS. STAT. §§ 808.04(1); 809.50(1). Middlesex Insurance and Friede have not petitioned for leave to appeal the venue order, and those corporations have not moved to intervene in this appeal pursuant to WIS. STAT. § 809.13.

¶18 Under *Boyd*, venue must be improper as to all defendants in order to entitle any one defendant to a change in venue. *Boyd*, 239 Wis. at 646 ("[I]t is the rule in Wisconsin that if there are several parties defendant and the venue is well founded in respect of any one defendant, the other defendants are not entitled to secure a change of venue.").[6] The circuit court's order here rejected the position of the moving defendants, Mt. Morris and Middlesex, that venue in Dane County is improper as to them. Thus, the circuit court order that venue in Dane County is proper as to Mt. Morris Mutual, Middlesex Insurance, and Friede controls in terms of venue as to those defendants unless reversed by this court. Because Middlesex did not petition to appeal the order determining that venue in Dane County is proper as to Middlesex Insurance and Friede, and because those parties did not intervene in this appeal, *Boyd* requires that we reject Mt. Morris's appeal of the venue order.

---

[6] The rule that venue is proper unless it is improper as to all defendants, as stated in *State ex rel. Boyd v. Aarons*, 239 Wis. 643, 646, 2 N.W.2d 221 (1942), remains the law. Our research reveals no published Wisconsin case that has cited or modified this proposition stated in *Boyd*.

8

¶19     On appeal in its reply brief, Mt. Morris does not respond to Stelling's reliance, in his response brief on appeal, on Middlesex Insurance's and Friede's failures "to dispute the circuit court's ruling," under the rule stated in **Boyd**, as one basis for affirming the circuit court's venue order.  At oral argument, Mt. Morris asserted that the circuit court did not decide that venue in Dane County is proper as to Middlesex Insurance and Friede.  However, this assertion is shown to be incorrect by the circuit court's order denial of "[t]he Defendants' motion," which by its terms includes all of the moving defendants including Middlesex Insurance and Friede.  Accordingly, Mt. Morris has provided no basis to counter our conclusion that, under these circumstances, **Boyd** requires that this court affirm the circuit court's venue order.

¶20     Our discussion to this point is dispositive, and we could end our discussion of WIS. STAT. § 801.50(2) here and move directly to our discussion of the request for a discretionary change of venue under WIS. STAT. § 801.52.  Nevertheless, for the sake of completeness and based on the nature of the parties' arguments, we discuss other issues in the section that follows.

## II.  FAILURE OF MT. MORRIS'S APPEAL UNDER WIS. STAT. § 801.50(2)

¶21     Addressing the merits of Mt. Morris's challenge to the circuit court's venue order would call for the interpretation of the venue selection statutes, WIS. STAT. §§ 801.50-801.53, and their application to undisputed facts, which are questions of law that we review independently of the circuit court.  **Enpro Assessment Corp. v. Enpro Plus, Inc.**, 171 Wis. 2d 542, 545-46, 492 N.W.2d 325 (Ct. App. 1992); **Brey v. State Farm Mut. Auto. Ins. Co.**, 2022 WI 7, ¶9, 400 Wis. 2d 417, 970 N.W.2d 1.

9

¶22 When interpreting a statute, our analysis begins with the statutory text. ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. We give the words used by the legislature their "common, ordinary and accepted meaning." ***Id.*** In addition, statutory language must be interpreted "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." ***Id.***, ¶46. A review of statutory history can be part of a plain meaning analysis "because it is part of the context in which we interpret statutory terms." ***County of Dane v. LIRC***, 2009 WI 9, ¶27, 315 Wis. 2d 293, 759 N.W.2d 571 (quoting ***Richards v. Badger Mut. Ins. Co.***, 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581); *see also* ***Brey***, 400 Wis. 2d 417, ¶20. "Previous cases construing a statute also become a part of our understanding of a statute's plain meaning." ***Meyers v. Bayer AG***, 2007 WI 99, ¶23, 303 Wis. 2d 295, 735 N.W.2d 448. "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." ***Kalal***, 271 Wis. 2d 633, ¶46 (citation omitted).

## A. Applicable Statutes

¶23 The following statutes are pertinent to this issue. WISCONSIN STAT. § 801.50(2) states the alternative ways of establishing venue in civil actions, and we have provided the text of this statute in footnote four above.

¶24 WISCONSIN STAT. § 801.51 provides:

> Any party may challenge venue, on the grounds of noncompliance with s. 801.50 or any other statute designating proper venue, by filing a motion for change of venue:
>
> (1) At or before the time the party serves [the party's] first motion or responsive pleading in the action.

10

> (2) After the time set forth in sub. (1), upon a showing that despite reasonable diligence, the party did not discover the grounds therefor at or before that time.

Sec. 801.51; *see also* WIS. STAT. § 802.06(2)(b) ("Objection to venue shall be made in accordance with s. 801.51.").

¶25 Pursuant to WIS. STAT. § 801.53, motions to change venue "under ss. 801.51 and 801.52 shall be determined on the basis of proofs submitted by the parties unless the court orders a hearing or oral argument." Sec. 801.53.

¶26 As quoted above, WIS. STAT. § 801.50(2) presents three categories of connections between a county and a case from which a plaintiff may choose to support the plaintiff's choice of venue—where the claim arose, where property that is the subject of the claim is situated, or where a defendant resides or does substantial business—and provides that, where no such connections exist, venue is in any county designated by the plaintiff. Sec. 801.50(2). The parties do not dispute that, because the statute uses the connector "or," a plaintiff may choose among whichever of the options in § 801.50(2)(a)-(c) apply and, if none apply, then proceed to select a county under (d).

¶27 The parties dispute whether venue is proper in Dane County as to the non-natural person defendants Mt. Morris Mutual, Middlesex Insurance, and Friede under WIS. STAT. § 801.50(2)(c) ("where a defendant resides or does substantial business"). Putting aside what we have determined to be a dispositive ***Boyd*** issue as explained above, we now discuss why we reject Mt. Morris's challenge to venue as to all three of the non-natural person defendants, Mt. Morris Mutual, Middlesex Insurance, and Friede. We begin by interpreting the language in § 801.50(2)(c), which provides that venue is proper "where a defendant resides or does substantial business." Sec. 801.50(2)(c). We next provide additional pertinent background.

11

We then apply § 801.50(2)(c) together with WIS. STAT. § 801.51 (governing the procedure by which "any party" may move to change venue) and WIS. STAT. § 801.53 (providing that a motion to change venue "shall be determined on the basis of proofs submitted by the parties") to the circumstances here and explain why we would affirm the circuit court on this alternative set of grounds.

### B.  Interpretation of "where a defendant resides or does substantial business" in WIS. STAT. § 801.50(2)(c)

¶28    Mt. Morris argues that the legislature intended to establish in WIS. STAT. § 801.50(2)(c) that venue is proper for non-natural person defendants in at most two counties, the one where the defendant has its principal office and the one where it does substantial business.  We reject this argument.  Mt. Morris does not cite to any legal authority to support its position and conceded at oral argument that it is aware of no Wisconsin law supporting its position.  Further, as we now explain, Mt. Morris's position is contrary to the meaning of the statute's plain language and to case law interpreting the statute.

¶29    We first turn to the interpretation of the word "business" in the phrase "does substantial business" in WIS. STAT. § 801.50(2)(c).  This court defined that word in *Enpro*, 171 Wis. 2d at 546.  The court applied the basic principles that "[w]e construe nontechnical words and phrases according to their common and ordinary usage" and that "[t]he common and ordinary usage of words may be established by their definition in a recognized dictionary."  *Id.* at 546.  The court adopted the following dictionary definitions of "business":  "activity directed toward some end" or "a commercial or mercantile activity customarily engaged in as a means of livelihood."  *Id.*  The court then applied those definitions to the defendant's "activities" in St. Croix County, which consisted of direct mail and other

12

advertising, and determined that those activities constituted mercantile activity directed to the end of reaching customers. *Id.* Accordingly, the court concluded that the defendant "engaged in business" in the county. *Id.* Summarizing, the use of the term "business" as interpreted in *Enpro* requires a showing that the defendant engages in commercial activity.

¶30 We now turn to the meaning of "does substantial business" in WIS. STAT. § 801.50(2)(c). *Enpro* is the only binding Wisconsin precedent that has applied the phrase "does substantial business" in § 801.50(2)(c) to the facts of a case. *Id.* at 546-52. In *Enpro*, this court addressed whether a Wisconsin corporation with its corporate office in Calumet County was properly sued in St. Croix County. *Id.* at 542. The sole issue was whether the corporation did substantial business "in the county where venue is sought." *Id.* at 542, 549. The corporation made no sales in St. Croix County and its only contacts with St. Croix County consisted of advertising in two statewide publications, six or seven direct mailing efforts that reached St. Croix County, and a listing on a statewide Department of Natural Resources directory of consultants and contractors. *Id.* at 545.

¶31 Notably for our purposes, the *Enpro* court clarified that the inquiry does not ask which is the county where the defendant does the most business but, instead, asks whether there is "substantial business" by the defendant in "the county" designated as the lawsuit venue by the plaintiff. *Enpro*, 171 Wis. 2d at 549 (quoting WIS. STAT. § 801.50(2)(c)).

¶32 This court first stated that "substantial business" within a county does not require the presence of any office or employees there. *Id.* at 549. Rather, the court considered the defendant's commercial activities in St. Croix County to determine whether the defendant did substantial business so as to support venue in

13

that county, even though the defendant's principal office was in Calumet County. *Id.* at 551-52. Thus, under *Enpro*, evidence of where a defendant has its principal office does not suffice to show that a defendant does substantial business only in that county.

¶33 In *Enpro*, this court also considered case law that has addressed what activities constitute "substantial business" under other statutes. In particular, the court considered personal jurisdiction cases that involved the issue of whether a plaintiff has established personal jurisdiction (at the statewide level, not the county level) under Wisconsin's "long-arm" statute, WIS. STAT. § 801.05, and in that context applied the phrase "substantial and not isolated activities" contained in the long-arm statute. *Id.* at 547-51; *see* § 801.05. This court in *Enpro* noted that the corporation's contacts with St. Croix County in that case were not as great as those of the nonresident defendants in the personal jurisdiction cases. *Id.* at 551. The court ultimately determined that, when one gives the language in WIS. STAT. § 801.50(2)(c) "its ordinary and accepted meanings," the corporation's contacts with St. Croix County were too "slight" to constitute "substantial business." *Id.* at 552. The court reached this conclusion by applying "the ordinary and accepted meaning" of the words "substantial business" in § 801.50(2)(c). *Id.*

¶34 *Enpro* does not provide specific definitions of the term "substantial" or the phrase "substantial business" in this context, and therefore we supplement our interpretation of the statutory language and *Enpro* by turning to dictionary definitions. *See Lemmer v. Schunk*, 2008 WI App 157, ¶10, 314 Wis. 2d 483, 760 N.W.2d 446 ("We may use a dictionary to establish the common meaning of a word"). The following definition is reasonably representative of various dictionary definitions of the word "substantial": "considerable in importance, value, degree,

amount, or extent." *Substantial*, AMERICAN HERITAGE COLLEGE DICTIONARY (3ʳᵈ ed. 1992).

¶35 With all of that as background, we determine the meaning of "does substantial business" in WIS. STAT. § 801.50(2)(c) by: (1) applying *Enpro*'s focus on the extent of business done by the defendant in the county designated as the lawsuit venue by the plaintiff; and (2) using the dictionary definition of "business" noted in *Enpro*, 171 Wis. 2d at 546, along with the dictionary definition of "substantial" just quoted. Doing so, we interpret the phrase "does substantial business" in § 801.50(2)(c) to mean that the extent of the defendant's various commercial activities and business relationships, of any type, conducted or occurring at least in part in the county at issue, considered in isolation or relative to the defendant's total commercial activity and business relationships, is considerable.

¶36 The "statutory history that underlies the current version" of WIS. STAT. § 801.50(2) supports this plain language interpretation. *See County of Dane*, 315 Wis. 2d 293, ¶27 (statutory history is part of a plain meaning analysis). In 1983 Wisconsin Act 228, Section 10, the legislature repealed WIS. STAT. §§ 801.50-801.53 (1981-82) and created the current version of §§ 801.50-801.53, including the current version of § 801.50(2). The prior version of the statute included numerous subsections that addressed proper venue specific to different types of actions and different classes of parties, as well as the current "catch-all" subpart (now § 801.50(2)(d)) providing for venue in any county if none of the other subparts apply. *See* § 801.50 (1981-82). Pertinent here, the current version of § 801.50 no longer distinguishes among types of businesses or defendants, but simply allows a

15

plaintiff to designate a county as the lawsuit venue if it is one in which the defendant does substantial business, as we have interpreted that language above.[7]

¶37 Mt. Morris makes a series of arguments contesting our plain language interpretation. We now explain why none of these arguments have merit.

¶38 First, Mt. Morris argues that, had the legislature intended in WIS. STAT. § 801.50(2)(c) to provide that venue is proper if the county designated by a plaintiff is one in which a defendant does substantial business, it would have used the phrase "any county," not "the county," and that the use of "the" before "county" denotes exclusively one county. However, this argument ignores the phrase qualifying the county to be designated, as being one in which the defendant "does substantial business." Sec. 801.50(2)(c). Had the legislature intended to limit such a designation to only one county, it would have necessarily used such limiting phrases as "does the most business" or "does a majority of its statewide business."[8] Indeed, at oral argument Mt. Morris appeared to concede that its argument required

---

[7] The Judicial Council Prefatory Note for 1983 Wisconsin Act 228 explains that the amendment "provides[] simplification of the general venue statute for civil actions. By eliminating archaic distinctions under the prior statute, the substitute amendment liberalizes the plaintiff's initial choice of forum."

"The Judicial Council notes appear with the text of the rules and laws in the Wisconsin Statutes, but neither the court nor the legislature ordinarily adopts the Notes as part of the statute or rule. Courts have used the Notes to aid in interpretation of a statute." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶69, 271 Wis. 2d 633, 681 N.W.2d 110 (Abrahamson, J., concurring). *See also Moya v. Aurora Healthcare, Inc.*, 2017 WI 45, ¶18, 375 Wis. 2d 38, 894 N.W.2d 405 ("we may consult extrinsic sources to confirm our understanding of the plain language of a statute."); *Brey v. State Farm Mut. Auto. Ins. Co.*, 2022 WI 7, ¶¶11, 21, 400 Wis. 2d 417, 970 N.W.2d 1 (noting that legislative history is extrinsic evidence of a statute's meaning that "becomes relevant only to confirm" the statute's fair meaning).

[8] One additional problem with Mt. Morris's proposed interpretation is that, in the context of determining venue, it does not account for, and does not allow reasoned analysis regarding, the non-natural person defendant that engages in extensive national or international business activities, some of which occur in significant amount in one or more counties in Wisconsin but the most substantial of which occur outside Wisconsin.

inserting "the most" before "substantial business" in the statute. However, this court has no authority to insert such qualifying words into a statute. *See Fond du Lac Cnty. v. Town of Rosendale*, 149 Wis. 2d 326, 334, 440 N.W.2d 818 ("One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning."); *State v. Wiedmeyer*, 2016 WI App 46, ¶13, 370 Wis. 2d 187, 881 N.W.2d 805 ("It is not up to the courts to rewrite the plain words of statutes …."); *Dawson v. Town of Jackson*, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316 ("We decline to read into the statute words the legislature did not see fit to write.").

¶39    Second, Mt. Morris argues that the use of "the" rather than "a" before "county" in WIS. STAT. § 801.50(2)(c) indicates that the subpart (c) applies only to a single county. We acknowledge that "the" is a definite article that is generally "used as a function word to indicate that a following noun or noun equivalent refers to someone or something that is unique." *State v. Arberry*, 2018 WI 7, ¶19, 379 Wis. 2d 254, 905 N.W.2d 832 (citing The American Heritage Dictionary of the English Language 1333 (1969) ("The" is used "[b]efore singular or plural nouns and noun phrases that denote particular specified persons or things.")). In contrast to "a" or "any," which are indefinite articles that could refer to an unspecified noun, "the" generally signifies a specific, unique noun. *Id.* Under this general rule, here, "the county where a defendant resides or does substantial business" would mean the single county in which a defendant does substantial business. However, as explained above, Mt. Morris's interpretation, that a defendant can do substantial business in only one county, would require adding words to the statute to clarify that "substantial" means "the most substantial," which we cannot do. Further, as we next explain, Mt. Morris's interpretation is also not consistent with an interpretation of the statute viewed as a whole.

17

¶40 That the general rule about the meaning of "the" does not apply here follows logically from the immediately preceding section, WIS. STAT. § 801.50(2)(b): "In the county where the real or tangible personal property, or some part thereof … is situated." "The county" cannot logically mean a single county when a "part" of some property is located in one county and another "part" is located in a different county. Just as it would suffice under the statute if the county designated by the plaintiff is one in which a part of the property is located, so it suffices under the statute if the county designated by the plaintiff is one in which the defendant does substantial business. To interpret "the" as Mt. Morris proposes would be to disregard the statute as a whole, ignore the statutory history noted above, and adopt a "literalistic" approach divorced from the context and "fair meaning" of the text. *See **Brey***, 400 Wis. 2d 417, ¶11.

¶41 In addition, Mt. Morris's interpretation would have the counterintuitive result of imposing an unreasonable burden on plaintiffs and generating uncertainty for all parties, because a plaintiff would be required to determine before filing suit: all of the counties in which a defendant does business; in which of those counties the business is substantial; and, of those counties, the county in which the defendant does the most substantial business. We note that Mt. Morris acknowledged at oral argument in this appeal that the information it disclosed for purposes of the venue issue regarding the number of its policies in force and the revenue earned from those policies is not publicly available. Under our plain meaning interpretation, which matches the apparent intention of the legislature, the plaintiff may be able to determine whether a defendant does substantial business in the county it seeks to designate as venue without the unreasonable burden proposed by Mt. Morris's argument.

18

¶42    Third, Mt. Morris points to the use of "any county" in subpart (d), which provides that "venue shall be in any county designated by the plaintiff" if the provisions of (a), (b), and (c) do not apply. WIS. STAT. § 801.50(2)(d). Mt. Morris's argument based on the phrase "any county" in subpart (d) is not clear. In any case, as noted above, subpart (d) on its face is a catch-all provision that reflects the legislature's intent to impose no limits on venue only when there is no connection between particular counties and where the claim arose, where parts of property that is the subject of the claim are situated, or where a natural person defendant resides or a non-natural person defendant does substantial business. Sec. 801.50(2)(a)-(d). Whatever Mt. Morris intends to argue on this point, there is no indication in the reference to "any county" in subpart (d) that the references to "the county" in subparts (a)-(c) must be to connections with only one county.

¶43    Fourth, Mt. Morris argues that subparts (a) and (b) of WIS. STAT. § 801.50(2) show that "the legislature chose to limit proper venue to a small list of places" and that to interpret subpart (c) as allowing a plaintiff to designate venue in any county where a defendant does substantial business is contrary to that choice. This argument is based on a false premise. A defendant may do business that is substantial in a large number of counties. Moreover, we discern no language in subparts (a) or (b) limiting proper venue to only one county. A complaint may contain one or more claims that arose in more than one county and parts of property that are the subject of the claim or claims may be situated in more than one county; no language in these subparts precludes a plaintiff from designating venue in any of those counties.

¶44    Fifth, Mt. Morris argues that our plain meaning interpretation of the language in WIS. STAT. § 801.50(2)(c) must be rejected because it would be absurd to allow a defendant such as an insurance company that does business throughout

19

Wisconsin to be sued in any of the counties in which it conducts substantial business. However, Mt. Morris does not explain why it would be absurd for a defendant that does business throughout Wisconsin to be subject to suit in the counties where the commercial activity it conducts is substantial, even if that represents most or all 72 counties. As stated above, we understand the legislature to have intended to avoid the unreasonable and counterintuitive results that would seemingly follow from requiring a plaintiff to determine before filing suit in which county the defendant conducts the most substantial commercial activity in order to identify the county that the plaintiff may designate as venue. Moreover, in a given case, a defendant can seek redress for any perceived injustice or inconvenience through a motion for discretionary change of venue under § 801.52.

¶45     We next provide additional background pertinent to the application of WIS. STAT. § 801.50(2)(c) here.

### C. Additional Background

¶46     Middlesex timely filed an answer to Stelling's complaint and, in its answer, Middlesex asserted improper venue as an affirmative defense.

¶47     Mt. Morris timely filed an answer and filed a motion to change venue and a supporting brief and affidavits. Mt. Morris argued that it is entitled to a change in venue as a matter of right because venue in Dane County is improper and, in the alternative, for a discretionary change of venue. In its brief, Mt. Morris stated that all of the following occurred or were located in Sauk County: the accident itself; the residences of defendants Edward and Oliver Scanlan and Zachary Dorow; and defendant Friede "is in" that county. Mt. Morris stated that Stelling failed to allege that the insurance companies do substantial business in Dane County and that Stelling cannot show that both insurance companies do substantial business in Dane

20

County.[9] Mt. Morris referenced the averments in one of its affidavits regarding the number of polices sold in each county in Wisconsin and the revenue from the sales of the policies in Dane County, and asserted that that evidence shows that Mt. Morris does not do substantial business in Dane County.

¶48   Approximately one month after filing its answer, Middlesex submitted a letter informing the circuit court that it joined Mt. Morris's motion to change venue.

¶49   In his response brief in the circuit court, Stelling asserted that Middlesex Insurance is a subsidiary of Sentry Insurance and that a Google search shows that Sentry has two agency offices in Dane County.  Stelling argued that that information and the evidence presented by Mt. Morris show that both insurance companies do substantial business in Dane County.  Stelling also filed an affidavit attaching George Stelling's medical records showing that he received accident-related care at the University Hospital in Madison.

¶50   At the start of the hearing on the motion, the circuit court addressed Middlesex's counsel:  "Your client has joined in this motion.  Do you intend to present any argument today?"  Counsel responded, "No."  The court then told Mt. Morris's counsel, "You may proceed," and counsel presented arguments consistent with those it makes on appeal regarding venue for Mt. Morris Mutual. Stelling's counsel argued that the evidence presented by Mt. Morris shows that Mt. Morris Mutual does substantial business in Dane County, and that Middlesex,

---

[9] Mt. Morris actually stated that Stelling cannot show that both insurance companies do substantial business "in Wisconsin."  We understand this to be an erroneous reference to the State, and Mt. Morris meant Dane County.

"which is a subsidiary of Sentry Insurance [which] has two agency offices in Dane County," also does substantial business in Dane County.[10]

¶51 The circuit court began its oral ruling by saying, "This motion was brought by the defendant Mt. Morris [and joined] by the defendant Middlesex and their clients." The court then explained its determination that "the evidence set forth in the affidavits with the 559 policies, a million dollars in revenue" showed that Mt. Morris Mutual does substantial business in Dane County. The court concluded that Stelling's choice of venue is proper under WIS. STAT. § 801.50(2)(c).

¶52 The circuit court subsequently issued a written order that references "the Motion to Change Venue brought by Defendants Mt. Morris [and the Scanlans] and joined by Defendants Middlesex [and Friede and Dorow]" and concludes that "based on the materials filed and for the reasons stated on the record, which are incorporated herein, THE COURT HEREBY ORDERS AS FOLLOWS: The Defendants' Motion is DENIED."

---

[10] Neither Mt. Morris nor the circuit court addressed Stelling's reference to Middlesex's offices in Dane County. In his response brief on appeal, Stelling reiterates his assertion, modified to reflect an assertion that Sentry has three agency offices in Dane County, and Mt. Morris does not address that assertion in its reply brief. Stelling's assertions do not affect our analysis based on Middlesex's and Mt. Morris's failures to present any evidence in the circuit court regarding business done by Middlesex Insurance and Friede in support of the motion for change of venue filed by Mt. Morris.

Stelling also presents on appeal additional information purportedly showing that both Mt. Morris Mutual and Middlesex Insurance Company do substantial business in Dane County. We do not consider this additional information because it was not presented to the circuit court. *See* ***South Carolina Equip., Inc. v. Sheedy***, 120 Wis. 2d 119, 125-26, 353 N.W.2d 63 (Ct. App. 1984) ("An appellate court can only review matters of record in the [circuit] court and cannot consider new matter attached to an appellate brief outside that record."); ***Keplin v. Hardware Mut. Casualty Co.***, 24 Wis.2d 319, 326, 129 N.W.2d 321 (1964) ("This court cannot consider facts outside the record even though stated as such in the briefs.").

### D. Failure To Show That Venue Is Improper as to Middlesex Insurance and Friede under WIS. STAT. §§ 801.50(2)(c), 801.51, and 801.53

¶53    As summarized above, WIS. STAT. § 801.51 provides, "Any party may challenge venue."  The parties do not address whether the term "any party" means that any party may challenge venue only as to itself or that any party may challenge venue as to itself and other defendants.  Regardless, as also stated above, a challenge to venue can be successful only if venue is improper as to all defendants.  *See Boyd*, 239 Wis. 646.  Thus, to be entitled to a change in venue as a matter of right, each defendant must show that venue is improper as to itself or instead at least one defendant must show that venue is improper as to itself and all other defendants. We now explain why we conclude that, under either scenario, the challenge here fails because venue is not shown to be improper in Dane County by any party as to at least two of the non-natural person defendants, Middlesex Insurance and Friede.

¶54    To the extent that WIS. STAT. § 801.51 means that "any party" may challenge venue only as to that party, there is no challenge to venue as to Middlesex Insurance and Friede properly before us, for each of the following reasons: (1) Middlesex was too late in raising its purported challenge to venue in the circuit court as to Middlesex Insurance and its insured, Friede; (2) Middlesex failed to present in the circuit court any evidence or argument showing that venue is improper in Dane County as to Middlesex Insurance and Friede.

¶55    As to the timing of Middlesex's purported challenge in the circuit court, WIS. STAT. § 801.51 provides that a party may challenge venue only by filing a motion for change of venue:  "(1) At or before the time the party serves [the party's] first motion or responsive pleading in the action. (2) After the time set forth in sub. (1), upon a showing that despite reasonable diligence, the party did not discover the grounds therefor at or before that time." Sec. 801.51.  Middlesex raised

improper venue as an affirmative defense in its answer, but did not file a motion at the initial pleadings stage and made no showing, when it joined Mt. Morris's motion one month later, that, despite reasonable diligence, it did not discover the issue at or before the time it filed its initial pleading. Accordingly, Middlesex "lost" its right to move for change of venue as to Middlesex Insurance and Friede. *See State ex rel. Sprinkman v. Huiras*, 240 Wis. 154, 2 N.W.2d 721 (1942) (if a motion is not made within the time set in the statute, the right to change venue is "lost"); *Bahr v. Galonski*, 80 Wis. 2d 72, 85, 257 N.W.2d 869 (1977) (when change of venue is not sought until after the statutory period for a change as of right, "any request for a change at [that] date must, therefore, be addressed to the [circuit] court's discretion" under the currently numbered WIS. STAT. § 801.52).

¶56 As to the substance of Middlesex's purported challenge, the only evidence in the circuit court regarding Middlesex Insurance and Friede is the alleged locations of their principal offices. However, we have explained that the location of the principal office of a non-natural person defendant is not sufficient to show that venue is improper and that the propriety of venue in these circumstances depends on where the defendant does substantial business. And Middlesex did not provide any proof or argument pertaining to the business, if any, done by Middlesex Insurance and Friede in either the counties where their principal offices are located or in Dane County, either in support of the motion or at oral argument. Because Middlesex failed to support the motion filed by Mt. Morris in the circuit court with proof or argument that venue in Dane County as to Middlesex Insurance and Friede is improper based on the position that neither does substantial business in Dane County, the circuit court properly denied the motion as to those defendants. *See* WIS. STAT. § 801.53 (circuit court shall decide a motion to change venue "on the

24

basis of proofs submitted by the parties unless the court orders a hearing or oral argument").

¶57    For all of these reasons, Middlesex failed to show in the circuit court that venue in Dane County is improper as to Middlesex Insurance and Friede.

¶58    To the extent that WIS. STAT. § 801.51 may be interpreted to allow "any party" to challenge venue as to any or all of multiple defendants, the record summarized above establishes that Mt. Morris also failed to present any proof or argument in the circuit court in support of the motion to change venue showing that venue in Dane County is improper as to Middlesex Insurance and Friede.  In its brief filed in the circuit court in support of the motion, Mt. Morris stated only that Friede's principal office is in Sauk County, that Middlesex Insurance's principal office is in Portage County, and that Middlesex Insurance "knows how much business it conducts in Dane County."  Mt. Morris presented no evidence or argument as to the business done by Middlesex Insurance and Friede in Dane County or in any other county in Wisconsin.  Because Mt. Morris failed to support the motion in the circuit court with proof that venue in Dane County as to Middlesex Insurance and Friede is improper based on evidence showing that neither does substantial business in Dane County, the circuit court properly denied the motion as to those defendants.

¶59    In sum, we conclude that this challenge to venue fails on either of two alternative bases.  First, Middlesex did not timely file a motion to change venue, nor did it present any evidence or argument to support the motion to change venue filed by Mt. Morris based on venue in Dane County being improper as to Middlesex Insurance and Friede.  Second, Mt. Morris, in support of that motion, failed to show that venue in Dane County is improper as to Middlesex Insurance and Friede.

Accordingly, Mt. Morris cannot prevail in this appeal of the circuit court's denial of the motion to change venue under WIS. STAT. § 801.50(2)(c).

## E. Failure To Show That Venue Is Improper as to Mt. Morris Mutual under WIS. STAT. §§ 801.50(2)(c) and 801.53

¶60 We now explain why this appeal also fails as to Mt. Morris Mutual.

¶61 First, we conclude that Mt. Morris Mutual's holding 559 insurance policies in force in Dane County and earning revenue of $859,145 in annual premiums from those policies, based on averments it submitted, constitute business conducted in Dane County under the definition of "business" provided in *Enpro*. *Enpro*, 171 Wis. 2d at 546. That is, the activity of issuing and earning premiums on insurance policies constitutes commercial activity directed to the end of selling insurance policies to customers. This activity necessarily represents continuous relationships between the customers who have purchased the policies and paid the annual premiums to Mt. Morris Mutual as the insurer, which takes on ongoing obligations related to potential claims.

¶62 At oral argument, Mt. Morris argued that this Dane County activity does not constitute "business" in this context under the reasoning in an Illinois court opinion. However, we are not bound by non-Wisconsin case law. *See Enpro*, 171 Wis. 2d at 547 (rejecting the citation of non-Wisconsin cases to show that the defendant was not doing business under non-Wisconsin venue statutes as neither binding nor persuasive). And, we are bound by the definition in *Enpro* of "business" as that term is used in WIS. STAT. § 801.50(2)(c). Mt. Morris also contended at oral argument that the *Enpro* court did not apply that definition to find whether the activity in that case constituted business. However, the court expressly determined that the activity in that case did constitute "engaging in business." *Id.*

at 546. Accordingly, we reject Mt. Morris's argument that the evidence as to insurance policies in force and revenue earned in annual premiums from those policies does not establish that Mt. Morris Mutual was doing business in Dane County.

¶63 Second, we agree with the circuit court that the evidence of the number of policies in force in Dane County and the annual revenue from those policies is sufficient to establish that Mt. Morris Mutual does substantial business in Dane County within the meaning of WIS. STAT. § 801.50(2)(c). According to Mt. Morris's own averments, the 559 policies in force in Dane County constitutes 2.28% of the total of 24,431 policies that Mt. Morris had in force in the 72 counties in Wisconsin. In terms of number of policies, Dane County ranks 14th highest out of the 72 counties where Mt. Morris Mutual issues policies in Wisconsin. The annual revenue from the Dane County policies constitutes 2.6% of Mt. Morris's total annual revenue in Wisconsin.

¶64 A key to our analysis is a point that Stelling made at oral argument regarding the nature of insurance policies, which is that they create clear and continuing relationships between each insured and the insurer, with obligations for both sides of each policy that flow from its terms. Each policy represents continuing commercial activity and here the combined effects of many such insurance relationships in one county easily amounts to substantial business in Dane County. In addition, the numbers in Dane County are not "substantial" just because the 13 Wisconsin counties with numbers higher than Dane County would also be counties where Mt. Morris Mutual does substantial business for purposes of venue. That fact merely means that, as the statute contemplates, Mt. Morris Mutual is apparently doing substantial business in more than one county.

27

¶65 Mt. Morris appears to argue that the number of its Dane County policies and the annual revenue from those policies do not meet the "does substantial business" test because they are purportedly "insignificant" from Mt.Morris Mutual's perspective, relative to the business it does statewide, given that the annual revenue from Dane County policies constitutes 2.6% of Mt. Morris's total statewide annual revenue. The initial problem with this factual assertion is that it is not supported by a statement from Mt. Morris Mutual. Put another way, the assertion that Mt. Morris Mutual's business in Dane County is "insignificant" from the perspective of Mt. Morris Mutual is not taken from an affidavit of a Mt. Morris Mutual employee. Rather, it is an assertion solely from its counsel. In addition, that factually unsupported perspective does not refute that the amount of business it does in Dane County, considered by itself, is substantial; the absolute number is substantial. Indeed, Mt. Morris acknowledged at oral argument that "a relative analysis could potentially be rather limiting," and that policy and revenue numbers in a given county, considered by themselves, could denote "substantial business" under WIS. STAT. § 801.50(2)(c).

¶66 Mt. Morris also argues that our conclusion renders the word "substantial" superfluous because any business in a county, "no matter how slight," would be substantial, and that, consequently, any of Wisconsin's 72 counties in which Mt. Morris Mutual does business, "no matter how insubstantial," is a proper venue. This argument is not tethered to the facts of this case. The number of policies that Mt. Morris Mutual had in force in Dane County and the annual revenue from those policies indicate that Mt. Morris Mutual conducts considerable business in the county sufficient to meet the "does substantial business" test. Those numbers are not "slight." *See **Enpro***, 171 Wis. 2d at 552. Whether a smaller number of

28

policies that could have been in force in a county and a lower annual revenue in premiums from those policies would also meet the test is not before the court.

¶67 We pause to note that the circuit court and this court have been left to perform the analysis on a limited set of facts. For example, we are lacking evidence regarding physical contacts such as office space, specific activities of one or more agents for Mt. Morris Mutual, and the history of Mt. Morris Mutual's activities in Dane County. But taking into account the relationships inherent in insurance policies and the number of policies and amount of premiums here, we conclude that the circuit court did not err in determining that Mt. Morris Mutual conducts substantial business in Dane County based on the undisputed evidence that we do have.

¶68 Mt. Morris argues that the business that Mt. Morris Mutual conducts in Dane County resembles that of the defendant in a case that discussed personal jurisdiction, *Vermont Yogurt*, which is cited in *Enpro*. *See Vermont Yogurt Co. v. Blanke Baer Fruit & Flavor Co.*, 107 Wis. 2d 603, 321 N.W.2d 315 (Ct. App. 1982). In *Vermont Yogurt*, this court determined that the defendant did not conduct "substantial and not isolated activities" in Wisconsin even though the defendant generated three percent of its nationwide revenue from activities in Wisconsin. *Id.* at 605-06. That case is not applicable. The court in that case did not address the "does substantial business" test for venue. Rather, the court addressed the "substantial and not isolated activities" ground for establishing sufficient contacts to support personal jurisdiction in a case brought by a plaintiff that was a nonresident of the state against a defendant that was also a nonresident of the state regarding a cause of action that was not connected to the state. *Id.* at 612-13. This court noted that under those circumstances, the standard is higher than a situation in which the "plaintiff [is] a resident or if the cause of action [is] connected to this state." *Id.*

We tied the Wisconsin share of nationwide sales to the fact that such a share did not make Wisconsin "one of [the defendant's] major centers of business." *Id.* at 613. There is nothing in *Vermont Yogurt* that sets any kind of percentage floor relevant to the "does substantial business" test under WIS. STAT. § 801.50(2)(c). Mt. Morris's argument on this point is merely a variation of its argument, which we have rejected above, that from Mt. Morris's perspective regarding its total range of business the specific amount of business that it does in Dane County is relatively less significant.

## F. Mt. Morris's Remaining Arguments

¶69    In its appellate briefing and at oral argument, Mt. Morris makes two arguments that, as we understand them, are intended to refute our conclusion that the circuit court properly denied the motion to change venue under WIS. STAT. § 801.50(2).  We address each argument in turn.

¶70    First, Mt. Morris argues in its briefing that the circuit court erred in not granting the motion to change venue because Stelling did not include in the complaint factual allegations supporting the position that each of the non-natural person defendants does substantial business in Dane County.  However, we do not consider this argument further because Mt. Morris has not cited any legal authority for the proposition that a plaintiff must allege facts supporting venue. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments." (citations omitted)).  Moreover, Mt. Morris disavowed this position at oral argument and acknowledged that a plaintiff is not required to allege in the complaint facts that support the choice of venue.

¶71 Second, Mt. Morris argues that the circuit court erred in not granting the motion to change venue because Stelling did not offer proof to support its venue choice but instead relied on Mt. Morris's evidence to show that Mt. Morris Mutual does substantial business in Dane County. At oral argument Mt. Morris cited, as it did in its appellate briefing, a case that reviewed whether a circuit court properly dismissed a complaint for lack of personal jurisdiction under Wisconsin's long-arm statute. *Lincoln v. Seawright*, 104 Wis. 2d 4, 8-9, 310 N.W.2d 596 (1981). In that case, our supreme court stated, "The burden is on the plaintiff to establish jurisdiction under the long-arm statute." *Id.* at 9. However, Mt. Morris cites no legal authority applying that requirement to the context of a challenge to venue, and at oral argument Mt. Morris acknowledged that it is not aware of any such authority. Moreover, we observe that this argument is not supported by WIS. STAT. § 801.53, which provides that motions to change venue "under ss. 801.51 and 801.52 shall be determined on the basis of proofs submitted by the parties unless the court orders a hearing or oral argument." Sec. 801.53. Nothing in this statute bars the circuit court from relying on the movants' proof, here as to Mt. Morris Mutual, or on the movants' failure to provide proof, here as to Middlesex Insurance and Friede, when it denied the motion as to all of the moving defendants.

## III. FAILURE OF MT. MORRIS'S APPEAL UNDER WIS. STAT. § 801.52

¶72 Having rejected Mt. Morris's appeal of the circuit court's denial of the motion seeking a change of venue as a matter of right under WIS. STAT. § 801.50(2)(c), we address its appeal of the denial of the motion for a discretionary change of venue under WIS. STAT. § 801.52.

31

## A. Applicable Standard of Review and Legal Principles

¶73    We affirm a change of venue decision absent an erroneous exercise of discretion. *Central Auto Co. v. Reichert*, 87 Wis. 2d 9, 15-16, 273 N.W.2d 360 (Ct. App. 1978); *see also State ex rel. West v. Bartow*, 2002 WI App 42, ¶10, 250 Wis. 2d 740, 642 N.W.2d 233 (affirming circuit court's exercise of discretion in denying motion to change venue).  "[A] discretionary determination must be the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination."  *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981).  "Under the erroneous exercise of discretion standard, an appellate court may affirm the circuit court's ruling even though the appellate court would not necessarily reach the same decision independently of the prior decision maker." *State ex rel. Universal Processing Servs. of Wis., LLC v. Circuit Ct. of Milwaukee Cnty.*, 2017 WI 26, ¶86, 374 Wis. 2d 26, 892 N.W.2d 267.

¶74    Whether or not a defendant agrees that a case has been properly venued under the terms of WIS. STAT. § 801.50(2), the defendant may in either case seek a discretionary change of venue under WIS. STAT. § 801.52.  *Salachna*, 399 Wis. 2d 759, ¶20; s*ee also* § 801.50(6) ("Venue under [s. 801.50] may be changed under s. 801.52").  WISCONSIN STAT. § 801.52 provides, in pertinent part:

> Discretionary change of venue.  The court may at any time, upon its own motion, the motion of a party or the stipulation of the parties, change the venue to any county in the interest of justice or for the convenience of the parties or witnesses ….[11]

---

[11]  The portion of WIS. STAT. § 801.52 not reproduced here concerns specific exceptions to the discretionary change of venue rule, none of which are relevant to this appeal.  WIS. STAT. § 801.52.

Sec. 801.52

¶75    By its terms, the statute requires that, in deciding whether to change venue, a circuit court must consider the situation before it in light of "the interest of justice or for the convenience of the parties or witnesses." WIS. STAT. § 801.52; *see also West*, 250 Wis. 2d 740, ¶10 (affirming circuit court's exercise of discretion based on considerations of the interest of justice and the convenience of the parties or witnesses).

¶76    We pause to address Mt. Morris's apparent argument in its briefing that, in exercising its discretion under WIS. STAT. § 801.52, a circuit court "must" consider the following factors pursuant to *Littmann v. Littmann*, 57 Wis. 2d 238, 245-46, 203 N.W.2d 901 (1973) (quoting Ehrenzweig and Louisell, *Jurisdiction in a Nutshell* (2d ed. 1968)):

> the ease of access of proof, the availability and cost of obtaining witnesses, the possibility of harassment of the defendant in litigating in an inconvenient forum, the enforceability of the judgment, the burden on the community in litigating matters not of local concern, and the desirability of litigating local matters in local courts.

However, as we now explain, Mt. Morris points to nothing in *Littmann* that either imposes such a requirement generally or applies specifically to a discretionary change of venue decision under § 801.52.

¶77    The court in *Littmann* addressed the factors relevant to a motion to stay an action pending in a Wisconsin forum to permit the commencement of an action outside of Wisconsin under WIS. STAT. § 801.63 (then numbered WIS. STAT. § 262.19 (1971-72) and renumbered by Supreme Court order dated February 17, 1975). *Littmann*, 57 Wis. 2d 244-45. The court ruled that the factors that a circuit court "may" consider are those stated in that statute:

> (a) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action; (b) Convenience to the parties and witnesses of trial in this state and in any alternative forum; (c) Differences in conflict of law rules applicable in this state and in any alternative forum; or (d) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

*Id.* at 247. While the court in *Littmann* cited the factors now quoted by Mt. Morris in the course of its discussion before addressing § 801.63, the court did not require that a circuit court consider those factors in applying § 801.63 or any other statute. Further, the *Littmann* court did not address the discretionary decision to transfer venue to another county within Wisconsin under WIS. STAT. § 801.52.

¶78 Both Mt. Morris and Stelling conceded at oral argument that there is no Wisconsin law that requires a court to consider factors other than those stated in WIS. STAT. § 801.52. Accordingly, we reject any argument that Mr. Morris may have intended to make that a circuit court must nevertheless do so.[12]

## B. Circuit Court Decision

¶79 In its oral decision, the circuit court began by summarizing the statutory standards governing a motion for a discretionary change of venue: "in the interest of justice or for the convenience of the parties or witnesses." The court noted, based on the evidence presented by the parties, that the accident occurred and the witnesses reside in Sauk County, but that the medical treatment took place and the medical experts are in Dane County. The court determined that, given these

---

[12] Mt. Morris also suggests in its briefing that the circuit court must consider additional factors stated in a U.S. Supreme Court case cited in *Lau v. Chicago & N.W. Ry. Co.*, 14 Wis. 2d 329, 336, 111 N.W.2d 158 (1961). However, in *Lau* our supreme court addressed whether requiring a non-Wisconsin defendant to defend an action in a Wisconsin court would violate the defendant's due process rights. *Id.* at 333, 335. *Lau* does not apply here.

facts, convenience to the parties or witnesses did not favor a change in venue because: (1) Sauk County and Dane County are "right next to each other," and Mt. Morris had not raised any "significant issue … with ease of access to proof" given the proximity of the two counties; and (2) the only evidence regarding convenience was that "the cost of sending medical doctors to Sauk County would weigh in favor of [Stelling.]" As to the interest of justice factor, the court determined that changing venue "at this stage would preclude [Stelling] from even considering calling live [medical] witnesses at trial," and that Mt. Morris made no argument showing that changing venue to Sauk County from Dane County would enhance the interest in justice. Accordingly, the court determined that Mt. Morris failed to meet its burden to show that Stelling's choice of venue should be disturbed.

## C. Analysis

¶80 The record establishes that the circuit court considered the facts presented by the parties as they relate to the statutory factors of the convenience of the parties and witnesses and the interest of justice when making its decision. *See* WIS. STAT. § 801.52 (stating the statutory factors); *see also **West***, 250 Wis. 2d 740, ¶10 (affirming the circuit court's exercise of discretion in considering the statutory factors of the interest of justice and the convenience of the parties and witnesses). Accordingly, the record establishes that the court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *See **Loy v. Bunderson***, 107 Wis. 2d 400, 415, 320 N.W.2d 175 (1982).

¶81 Mt. Morris argues that it would be "easiest and least expensive" for all parties if the lawsuit were moved to Sauk County because the persons involved in the accident and witnesses to the accident reside in Sauk County and the employer

of one of the drivers is located in Sauk County. Mt. Morris also argues that the interest of justice would be better served by having a Sauk County jury "evaluat[e] and reach[] a judgment upon an incident which occurred within its own county." These assertions focus on the evidence most favorable to Mt. Morris and essentially posit that the circuit court should have balanced the facts and the parties' interests differently. However, it is not the role of an appellate court to exercise the circuit court's discretion. *Krier v. EOG Env't, Inc.*, 2005 WI App. 256, ¶24, 288 Wis. 2d 623, 707 N.W.2d. 915.

## CONCLUSION

¶82    For the reasons stated, we reject Mt. Morris's challenge to the circuit court's denial of the motion to change venue under WIS. STAT. §§ 801.50(2)(c) and 801.52.

*By the Court.*—Order affirmed and cause remanded for further proceedings.